Delma RICHEY *v.* Jessie Frank LUFFMAN

92-589                                          841 S.W.2d 622

Supreme Court of Arkansas
Opinion delivered November 16, 1992

*Murrey L. Grider*, for appellant.

*Reid, Burge, Prevallet & Coleman*, for appellee.

JACK HOLT, JR., Chief Justice. Delma Richey, plaintiff-appellant, sought recovery for damages arising out of an automobile collision that occurred between her and the appellee, Jessie Frank Luffman. The jury verdict favored Mr. Luffman. Mrs. Richey appeals the verdict claiming the trial court erred in refusing her proffered jury instruction based upon Ark. Code Ann. § 27-51-306 (1987), relating to use of an audible signal by an overtaking vehicle. We find the trial court did not err and

affirm.

On January 17, 1988, Mrs. Richey was traveling west on a two lane highway, Highway 62, in Randolph County, Arkansas. Mr. Luffman, accompanied by his mother, was traveling behind her. Although the facts are in dispute, the record indicates that Mrs. Richey turned left toward her church parking lot simultaneously to Mr. Luffman passing her on the left. It is disputed whether Ms. Richey signaled to turn. Anyway, as Mr. Luffman passed Mrs. Richey the two vehicles collided. Mr. Luffman's vehicle, a 1971 Ford truck, was damaged in the right rear end. There was no evidence to indicate that Mr. Luffman honked as he passed Mrs. Richey. Mrs. Richey's vehicle, an Oldsmobile, sustained a damage to the driver's side door and front fender.

Ms. Richey sued Mr. Luffman to recover $750.98 in property damages to her car as well as $12,187.92 for her personal injuries. At trial Mr.Luffman and his mother testified that Mrs. Richey pulled to the right hand shoulder of the roadway, and that Mr. Luffman gave a turn signal with his left blinker, pulled in the left lane and was in the left lane, along side of Mrs. Richey when she turned into him as he turned into a driveway trying to avoid the accident.The parties dispute whether she used a turn signal. Although no evidence was presented regarding whether Mr. Luffman honked his horn as he proceeded past Mrs. Richey on the left,there was a stipulation that if Mrs. Richey testified, she would say that she did not hear Mr. Luffman honk his horn prior to the collision. After hearing all of the evidence, the jury reached a verdict in favor of Mr. Luffman.

Mrs. Richey requested that a modified version of AMI 601 be given to the jury. This instruction is based upon Ark. Code Ann. § 27-51-306 (1987). Mrs. Richey wanted the jury instructed as to the following:

### PROFFERED INSTRUCTION NO. 1

There were (sic) in force in the state of Arkansas at the time of occurrence a statute which provided:

First: When overtaking and passing a vehicle on the left the driver of an overtaken vehicle shall yield to the right when given an audible signal by the overtaking vehicle.

AMI 601

Ark. Code Ann. § 27-51-306 (1987)

The trial judge refused this instruction stating that it causes prejudice.

■■ The jury instruction at issue, Proffered Instruction Number 1, asserts that once the overtaking vehicle gives an audible signal, the overtaken vehicle must yield the right-of-way, even though he has properly given a turn signal. By implication, it provides that an overtaking driver has a duty to make an audible noise when passing on the left. This is not a correct statement of the law.The relevant statute, Ark. Code Ann. § 27-51-306 (2) (1987), places a duty on the overtaken driver to yield right of way *only* if the overtaking driver does use an audible signal:

> Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall yield to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

Since there was no evidence presented that Mr. Luffman sounded a signal as he passed Mrs. Richey, the proffered jury instruction is not relevant.

■ We came to the same conclusion in *Smith* v. *Alexander*, 245 Ark. 567, 433 S.W.2d 157 (19868). There, two cars were traveling the same direction behind a third car. Apparently, the two cars decided to pass the lead car at the same time which resulted in a rear end collision. We affirmed the trial court's refusal of a jury instruction based upon Ark. Code Ann. § 27-51-306 (2) (1987) explaining:

> First, there was no evidence of audible signal having been given by either vehicle. Therefore the instruction tendered an issue not in contention. To that extent the instruction was abstract. . . . It should also be pointed out that this rule of the road imposes a duty on that driver being overtaken. There the requirement that an overtaking driver always sound his horn was deleted. Consequently, *the instruction should not be given unless there is evidence that the driver being overtaken failed to give way to the*

*right on audible signal.*
*Smith, supra* (emphasis added).

Mrs. Richey argues that the recent case of *Neal* v. *J.B. Hunt Transp. Inc.*, 305 Ark. 97, 805 S.W.2d 643 (1991), expands the *Smith, supra*, decision. In *Neal* two reasons were provided for not giving the instruction: where there is "neither evidence of audible signal nor evidence that the overtaken vehicle failed to give way to the right." Mrs. Richey argues that, by implication, *Neal, supra*, allows the proffered jury instruction if there is evidence of either an audible signal or that the overtaken vehicle didn't yield right of way. We disagree. *Neal* merely indicates two reasons for not giving the instruction.

■ We have held that "there is no error by refusing an instruction which may have misled or confused the jury." *Townsend* v. *State*, 308 Ark. 266, 824 S.W.2d 821 (1992). *See also Arkota Indus.* v. *Naekel*, 274 Ark. 173, 623 S.W.2d 194 (1981) ("The court properly refused a proffered instruction which contained several provisions of the statute that were not pertinent to the case and might have been confusing to the jury.")

Suffice it to say, the proffered instruction was not applicable to the facts at hand, and the trial court's refusal to give it was not error.

Affirmed.