Sean RIGGINS *v.* STATE of Arkansas

CR 94-44                                     882 S.W.2d 664

Supreme Court of Arkansas
Opinion delivered September 12, 1994

*Mark F. Hampton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal arises from a judgment of conviction for first degree murder. The appellant, Sean Riggins, was sentenced as a habitual offender to a term of fifty years. He raises essentially three points on appeal: (1) the conviction is not supported by substantial evidence; (2) the trial court erred in refusing to give a modified jury instruction on an affirmative defense; and (3) the trial court misled the jury by instructing it on first degree murder because Riggins was not the principal perpetrator of the crime. The arguments are meritless, and we affirm.

On the night of March 21, 1992, Bertie Walker got into an argument with Robert Brevard at the Wheels and Grills Carwash in Little Rock. During the argument, Brevard struck her in the face. Walker returned to her father's house where she lived with her brother, Brian Harris. She called Robert Young, her current boyfriend, and Riggins, her former boyfriend, and told them about the altercation. She asked Riggins to bring her a gun. She also went to her father's bedroom and got his pistol.

Young and Riggins came to the house separately. Walker and Young then drove to the carwash together, and Riggins and Brian Harris followed in Riggins's car. Brian Harris testified that Riggins had a pump shotgun in his car. At the carwash, a white Chevrolet Impala pulled up, and Walker announced that Brevard, who had struck her, was in the car. Walker and Young approached the car from the side and began firing their pistols. Those were the fatal shots. Riggins stood in front of the car and fired his shotgun. In the opinion of Ronald Andrejack, a firearms examiner for the State Crime Laboratory, two shotgun slugs hit the front of the car. One slug glanced off the hood of the car and hit the front windshield. The driver of the vehicle, Nathaniel Merriweather, was killed. A second occupant of the car, Bernard Clark, was wounded. Following the shooting, Riggins immediately fled the scene. He testified that Young left with him.

Walker, Young, and Riggins were charged with first degree murder. Riggins was also charged as a habitual offender with not less than four previous felony convictions. .

At trial, the State contended that Riggins's shots did not kill

Merriweather and that he was culpable as an accomplice. Riggins's defense was that he was trying to stop Walker and Young from retaliating against Brevard and that he did not shoot at the occupants of the car but was shooting in the air or at Young or simply at the car engine in an effort to terminate the fight. Young, he stated, had pulled a gun on him before the shooting and was acting "crazy." Another reason to stop the fight, he maintained, was that his cousin was in the car with Merriweather and Brevard. He said he got the shotgun which he fired from a friend in the crowd.

Three spent shotgun shells were found at the crime scene. The medical examiner, Dr. William Sturner, testified at trial that Merriweather sustained nine gunshot wounds. He also testified that though it was conceivable, he could not determine whether one of the wounds was caused by a shotgun slug.

Two points argued by Riggins in this appeal can be combined into one. He contends that the State's evidence was insufficient to convict him as an accomplice or to establish that he acted purposefully in aiding the commission of the murder. We disagree.

■■ A motion for a directed verdict at the close of all evidence is a challenge to the sufficiency of the evidence. The test on appeal is whether there is substantial evidence to support the verdict. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). Substantial evidence is evidence that is of sufficient force and character to compel reasonable minds to reach a conclusion without resorting to suspicion and conjecture. *Jacobs* v. *State*, 317 Ark. 454, 878 S.W.2d 734 (1994). In determining whether substantial evidence exists, we review only the evidence that supports the conviction and do not weigh it against other conflicting proof favorable to the accused. *Crawford* v. *State*, 309 Ark. 54, 827 S.W.2d 134 (1992).

Applying these standards of review to the case at hand confirms that there was substantial evidence to support the conviction. The statute defines an accomplice as one who encourages the commission of a crime or aids in committing a crime or fails to make a proper effort to prevent it from occurring. Ark. Code Ann. § 5-2-403 (Repl. 1993). A person commits first degree mur-

der if he purposefully causes the death of another person. Ark. Code Ann. § 5-10-102(a)(2) (Repl. 1993).

■■ The proof in this case abounds to sustain a conviction for first degree murder based on accomplice liability. Riggins was called by Walker after her fight with Brevard. He came to her house and followed her in his car with her brother to the carwash. Brian Harris testified that Riggins had a pump shotgun with him. At the carwash, he fired at the front of the Chevrolet Impala, and one slug struck the grill and another hit the hood and front windshield of the car. Three shotgun shells were found at the scene. Riggins then fled with Young. In short, the State established sufficient evidence that Riggins purposefully aided in the commission of the crime. Indeed, the jury could logically infer from the shot which ultimately struck the windshield that Riggins intended to fire into the car. The fact that the jury did not give credence to Riggins's affirmative defense is not a basis for reversal. A jury may accept or reject testimony as it sees fit, and this jury clearly chose to disregard Riggins's defense. *See Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990).

Riggins next urges that the trial court was in error in refusing to give his modified version of AMCI 1502-D[1] regarding his affirmative defense. The proffered modified instruction reads:

It is an affirmative defense to any prosecution under subsection (a)(1) for an offense in which the defendant was not the only participant that the defendant:

(1) Did not commit the homicidal act or in any way solicit, command, induce, procure, counsel, or aid its commission.

■ The trial court was entirely correct in refusing this instruction because it misstates the law. *See Richey* v. *Luffman*, 311 Ark. 81, 841 S.W.2d 622 (1992). AMCI 1502-D provides a third element of proof necessary to establish an affirmative defense which was lacking from the proffered instruction and two other elements which should be given when the proof requires it:

[1]Now codified as AMCI 2d 1002-AD (April 1994).

Third: That he reasonably believed that no other participant intended to engage in conduct which could result in death or serious physical injury; and

Fourth: That he was not armed with a deadly weapon; and

Fifth: That he reasonably believed that no other participant was armed with a deadly weapon.

The model instruction is based on Ark. Code Ann. § 5-10-102(b) (Repl. 1993), which defines accomplice liability and also includes the quoted elements. AMCI 1502-D further provides that the affirmative defense be proved by a preponderance of the evidence. Because the modified instruction omitted essential elements and the standard regarding burden of proof, giving it would have patently misled the jury on the applicable law.

For his final point, Riggins argues that instructing the jury on first degree murder implied that Riggins was the primary perpetrator of the murder and that the jury was confused by it. We cannot agree.

■■ We first observe that there is no distinction between the criminal liability of an accomplice and the person who actually commits the offense. *See, e.g., Purifoy* v. *State*, 307. Ark. 482, 822 S.W.2d 374 (1991); *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981). The murder instruction given was as follows:

Sean Riggins is charged with the offense of Murder in the First Degree. To sustain this charge, the State must prove beyond a reasonable doubt:

That with the purpose of causing the death of another person, Sean Riggins or an accomplice caused the death of Nathaniel Merriweather.

In addition to this instruction, AMCI 401, which states the law on accomplice liability, was given to the jury. The State admitted at the outset of the trial that its theory of the case against Riggins was only one of accomplice liability, and the proof established by both the State and defense clearly identified Walker and Young as the primary malefactors who fired the fatal shots. We discern no abuse of discretion by the trial court in giving the

first degree murder instruction in conjunction with the accomplice instruction when it was made absolutely clear that the charge against Riggins was premised on accomplice liability.

Affirmed.