Montay ROBINSON *v.* STATE of Arkansas

CR 94-290                                   883 S.W.2d 469

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Bret Qualls*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. On April 9, 1993, appellant Montay Robinson was charged, along with Cedric Bradley and Pierre Bradley, with the first degree murder of Terrence Taylor. On his motion, Robinson's case was severed from the Bradleys'. At trial on November 23, 1993, Robinson was convicted as charged and the jury fixed Robinson's sentence at forty years in the Department of Correction. Robinson's sole point for reversal is that the evidence is insufficient to support his conviction.

Robinson timely and specifically moved for a directed verdict at the end of the state's case and after he rested his case, Robinson claimed the state had failed to show purposeful conduct on his part. *See* Ark. R. Crim. P. 36.21(b). Directed verdict motions are treated as challenges to the sufficiency of the evidence. *Walker* v. *State*, 313 Ark. 478, 855 S.W.2d 932 (1993).

The test on appeal is whether there is substantial evidence to support the verdict. *Riggins* v. *State*, 317 Ark. 636, 882 S.W.2d 664 (1994). Substantial evidence is evidence that is of sufficient force and character to compel reasonable minds to reach a conclusion without resorting to suspicion and conjecture. *Id.* In determining whether substantial evidence exists, we review only the evidence that supports the conviction and do not weigh it against other conflicting proof favorable to the accused. *Id.*

At trial, the court instructed the jury on murder in the first degree, stating that, to sustain the charge, the state must

prove beyond a reasonable doubt that Robinson, or an accomplice, with the purpose of causing the death of another person, did cause the death of Terrence Taylor. *See* Ark. Code Ann. § 5-10-102(a)(2) (Repl. 1993). Accomplice was defined for the jury as one who directly participates in the commission of an offense or who, with the purpose of promoting or facilitating the commission of an offense, solicits, advises, encourages or coerces the other person to commit the offense, or aids, agrees to aid, or attempts to aid the other person in planning or committing the offense. Ark. Code Ann. § 5-2-403 (Repl. 1993). Also, the court correctly instructed that a person acts with purpose with respect to his conduct or as a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result. Ark. Code Ann. § 5-2-202(1) (Repl. 1993). In addition, we mention the settled rule that intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the killing. *Robinson* v. *State*, 317 Ark. 17, 875 S.W.2d 837 (1994); *Walker*, 313 Ark. 478, 855 S.W.2d 932.

Here, we hold the evidence is more than sufficient to support Robinson's conviction. The state's proof showed that Robinson and the Bradleys were seen carrying weapons outside the Tangerine Club located in the College Station neighborhood in Little Rock. Pierre Bradley and Robinson were seen carrying 9 millimeter guns and Cedric possessed a .44 pistol. Approximately an hour later, a fight broke out in the club after Robinson's friend and others in the club began "throwing up" gang signs at each other. It was described as though "they were fighting with gang signs."

When someone started to hit the club's bouncer, Darrell Als, with a chair, Als said that he shot a .25 bullet into the floor. Everyone then began to run outside. Als saw Taylor running from the club when Taylor bumped Robinson. Als said that both Robinson and Taylor fell and Robinson's gun discharged. Taylor got up, and was running away from Robinson when Als saw Robinson and the Bradleys firing toward Taylor. Another club employee, Mr. Burton, also saw Robinson shooting at Taylor. Als testified that he saw only Robinson and the Bradleys outside the club, and they were all shooting at Taylor. Tracy James testified that Robinson and the Bradleys were the only ones he saw

with guns. While Als never saw Taylor actually shot, Als found him outside the club after the shooting stopped; he then witnessed Taylor had been shot. The state medical examiner confirmed Taylor had been shot and the bullet went through his body. He opined that the bullet wound was the cause of Taylor's death.

From the above evidence, the state established that, at the least, Robinson aided the Bradleys in the commission of the crime. None of the three men's culpability was affected by which one's bullet actually killed Taylor. When two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Purifoy* v. *State*, 307 Ark. 482, 822 S.W.2d 374 (1991).

Affirmed.