Jason Ryan CARTER *v.* STATE of Arkansas

CR 95-1085                              921 S.W.2d 583

Supreme Court of Arkansas
Opinion delivered April 29, 1996

*Clarence W. Cash, Jr,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On December 18, 1993, Jason Hatcher was shot and killed in the parking lot of Harvest Foods in Sherwood. Tim McGarrity was shot in the leg, and Derek Hammonds narrowly escaped injury, as he was in the line of fire. There was a large gathering of teenagers in the parking lot at the time, and the shootings followed altercations among several of them. There was proof that more than one weapon was fired, and there was testimony that appellant fired one of the weapons. The State conceded that it could not prove which one of the weapons fired the shot that killed Hatcher or the shot that injured McGarrity.

Appellant was charged in the shootings, along with Michael Ryan Webb, Chad Jones, and James Gross. The cases were severed, and appellant was tried and convicted of first-degree murder, first-degree battery, and aggravated assault. Appellant was sentenced to sixty years on the first-degree murder conviction, thirty years on the battery conviction, and ten years on the aggravated-assault conviction. Appellant's sole argument on appeal is that the evidence is insufficient to convict him on any of the three counts. We find no merit in his argument and affirm.

■ Appellant argues to this court, as he argued to the court below, that the State failed to prove that the bullets removed from Hatcher and McGarrity came from his gun; therefore, his convictions for first-degree murder and first-degree battery should be reversed. We disagree, as the evidence clearly supports a conviction for accomplice liability. We have said that "[w]hen two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both." *Robinson v. State,* 318 Ark. 33, 36, 883 S.W.2d 469, 471 (1994).

Appellant admitted that he drove himself and two codefendants to and from the scene of the shootings in his blue Honda Accord. He stated that one of the codefendants, Michael Ryan

Webb, put a rifle in the trunk when appellant picked him up at his house. He admitted that he opened the trunk so that Webb could retrieve and use the gun. Appellant said that he brought a .38 caliber revolver with him, which he fired at the scene, although he testified that he shot into the air and not at anyone.

The jury heard extensive testimony from seven State's witnesses concerning the altercation. Several witnesses described appellant's car, stated that they saw the driver firing a gun toward the crowd, and observed that Hatcher and McGarrity had been wounded immediately thereafter. McGarrity, the battery victim, told the jury about his fist fight with one of the codefendants, the volley of gunshots that took place soon after appellant's car arrived, McGarrity's gunshot wound, and Hatcher's fatal wound. The jury heard expert ballistics testimony regarding the weapons recovered from the defendants, and the conclusion that a handgun had been fired at the scene. A state medical examiner testified that Hatcher had died from the gunshot wound sustained at the shooting.

Appellant's witness, codefendant James Gross, testified at length about the fist fight with McGarrity, appellant's arrival with the other codefendants, Gross's retrieval of the handgun from appellant, and his firing it himself. Both Gross and appellant testified that they fled the crime scene and all four codefendants met later at Chad Jones's apartment.

The evidence is abundant that appellant participated as an accomplice to the murder and the battery. An accomplice is one who directly participates in the commission of an offense or who, with the purpose of promoting or facilitating the commission of an offense, solicits, advises, encourages, or coerces the other person to commit the offense, or aids, agrees to aid, or attempts to aid the other person in planning or committing the offense. Ark. Code Ann. § 5-2-403 (Repl. 1993); *see also Allen* v. *State*, 324 Ark. 1, 918 S.W.2d 699 (1996). We have said that relevant factors in determining the connection of an accomplice to a crime are "the presence of the accused in proximity of the crime, the opportunity to commit the crime, and an association with a person involved in the crime in a manner suggestive of joint participation." *Banks* v. *State*, 315 Ark. 666, 673, 869 S.W.2d 700, 704 (1994). The State presented evidence by which the jury could conclude that appellant aided in the commission of these offenses; therefore, his culpability was not affected by which bullets actually killed Hatcher and wounded

McGarrity. *Robinson* v. *State*, 318 Ark. at 36, 883 S.W.2d at 471; *Purifoy* v. *State*, 307 Ark. 482, 822 S.W.2d 374 (1991).

Appellant argues that his aggravated-assault conviction cannot stand because the State failed to prove that he "*purposely* engaged in conduct that created a substantial danger of death or serious physical injury to another person." Ark. Code Ann. § 5-13-204 (emphasis added). This argument is without merit.

Section 5-2-202 of the Arkansas Code Annotated provides that "a person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result." *Id.* § 5-2-202(1). The rule is well settled that intent is seldom capable of proof by direct evidence, but must be ascertained by the circumstances surrounding the offense. *Akbar* v. *State*, 315 Ark. 627, 869 S.W.2d 706 (1994); *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991). We have said that "it is axiomatic that one is presumed to intend the natural and probable consequences of his actions." *Akbar*, 315 Ark. at 629, 869 S.W.2d at 707. As stated earlier, the jury heard testimony that appellant drove himself and two codefendants to the scene of the shooting, that he brought and fired a gun at the scene, assisted Webb in retrieving a rifle from the trunk of the car, and that Derek Hammonds was in the line of fire and narrowly escaped injury. This is ample evidence for the jury to conclude that he purposely engaged in conduct that created a substantial danger of death or serious physical injury to Hammonds. *See Robinson* v. *State*, 318 Ark. at 35, 883 S.W.2d at 470.

In summary, reviewing all of the evidence in the light most favorable to the State, as we must do, *Chism* v. *State*, 312 Ark. 559, 853 S.W.2d 255 (1993), we find it sufficient to convict appellant on all three counts. We affirm the decision of the trial court.