Jason Ryan CARTER *v.* STATE of Arkansas

CR 98-273                                                29 S.W.3d 716

Supreme Court of Arkansas
Opinion delivered November 2, 2000

*Clarence W. Cash, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. Jason Carter was convicted as an accomplice of first-degree murder, first-degree battery, and aggravated assault in connection with a shooting that occurred at the Harvest Foods parking lot in Sherwood on December 18, 1993. He was sentenced to concurrent sentences of sixty years, thirty years, and ten years, respectively. This court affirmed his conviction and sentence in *Carter v. State*, 324 Ark. 249, 921 S.W.2d 583 (1996). The case is again before us pursuant to Carter's appeal of the circuit court's denial of his petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37.

The evidence that was introduced during the trial indicated that during an altercation that occurred in the parking lot, Jason Hatcher was fatally wounded, Tim McGarrity was shot in the leg, and Derek Hammonds, although escaping injury, was in the line of fire. There was proof that more than one weapon was fired, although the State could not prove which one of the weapons fired

the shot that killed Hatcher or the shot that injured McGarrity. Several witnesses testified that the driver of a blue Honda Accord shot a handgun into the crowd. The identity of the driver was established by Carter's custodial statement, in which he told police that he drove a blue Honda Accord into the parking lot and fired a .38 caliber handgun, but that he aimed it "into the air" in order to break up the altercation that was taking place.

In his petition for postconviction relief, Carter made several allegations of ineffective assistance of counsel. He alleged that he was prejudiced by his attorney's failure to fully investigate the State's witnesses; by his failure to move for a mistrial after a potential juror made prejudicial statements during *voir dire*; by his failure to challenge a biased juror; and by his failure to move to suppress Carter's custodial statement. The circuit court did not hold an evidentiary hearing, but denied relief in the following order:

> 1. A jury convicted the Petitioner of first-degree murder, first-degree battery, and aggravated assault on March 23, 1995. He was sentenced to imprisonment in the Arkansas Department of Correction for sixty years on the murder charge, thirty years on the battery charge, and ten years on the aggravated assault charge to be served concurrently. The sentence was enhanced in accordance with Arkansas Code Annotated § 5-74-108 (Michie 1993). Petitioner was given credit for 460 days in jail.
>
> 2. Petitioner appealed his case to the Arkansas Supreme Court. The judgment of this Court was affirmed and the mandate was issued on May 17, 1996.
>
> 3. Petitioner alleges that his attorney, C.P. Christian, was ineffective in representing him.
>
> 4. The allegations contained in the Petitioner's petition do not show that Mr. Christian's performance was deficient such that he made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution.
>
> 5. The petitioner's Rule 37 petition is hereby denied.

On appeal, Carter argues that the circuit court erred when it denied relief on his claims of ineffective assistance of counsel. He also assigns error to the circuit court's decision to deny relief without holding an evidentiary hearing. We must reverse and remand

the case because an evidentiary hearing is necessary in order to resolve Carter's claim that his counsel was ineffective for failing to move to suppress his custodial statement; and because the circuit court's order does not otherwise comply with Rule 37.3(a).

■ Rule 37.3(a) provides that the trial court need not hold a hearing if "the files and records of the case conclusively show the petitioner is entitled to no relief." But in doing so, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." If the trial court fails to make these findings in accordance with the Rule, it is reversible error. *Bohanan v. State*, 327 Ark. 507, 939 S.W.2d 507 (1997). If, however, the record before this court conclusively shows that the petition is without merit, we will affirm despite the circuit court's failure to make written findings. *Bohanan, supra*; *Rawls v. State*, 264 Ark. 186, 569 S.W.2d 662 (1978).

■ The circuit court erred when it failed to hold an evidentiary hearing on Carter's claim that his attorney was ineffective for failing to file a motion to suppress his custodial statement. The record in this case does not conclusively show that the claim is without merit. First, the evidence that was introduced during the trial does not conclusively show that the alleged failure to file the motion did not prejudice Carter. As indicated above, while several witnesses testified that the driver of a blue Honda Accord shot into the crowd, none were able to identify him. The only evidence introduced by the State that identified the driver was Carter's custodial statement.

■ Second, there is no means of determining whether counsel performed deficiently when he did not file a motion to suppress. The absence of such a motion also means that there is no record of a *Denno* hearing in which the facts pertinent to the admissibility of the statement would have been developed. *See generally, Foreman v. State*, 328 Ark. 583, 945 S.W.2d 926 (1997). When it is alleged that counsel performed deficiently in failing to file such a motion, an evidentiary hearing pursuant to Rule 37 is the first opportunity to make a record of the circumstances surrounding the custodial statement. Without such a record, it is impossible to determine whether a motion to suppress would have been successful, and therefore, whether counsel performed deficiently in failing file it.

■ The circuit court's failure to make specific written findings on Carter's claims regarding his counsel's performance during *voir dire* is also reversible error. We are unable to affirm despite the absence of written findings because the *voir dire* was never transcribed by the court reporter, and therefore, is not in the record on appeal. *Bohanan, supra.*

■ In summary, we must reverse and remand the case for an evidentiary hearing on Carter's allegation that his trial counsel was ineffective for failing to move to suppress his custodial statement. We also direct the circuit court to order a transcription of *voir dire* and, if necessary, hear additional evidence in order to resolve Carter's remaining ineffective-assistance-of-counsel claims. As required by Rule 37.3(a) and Rule 37.3(c), the circuit court's resolution of these claims shall be reflected in written findings of fact and conclusions of law.

Reversed and remanded.