

# ARKANSAS COURT OF APPEALS
## DIVISIONS I & II
### No. CR-16-813

JERRIME WADE MARDIS

**APPELLANT**

V.

STATE OF ARKANSAS

**APPELLEE**

**Opinion Delivered:** June 21, 2017

APPEAL FROM THE SALINE COUNTY CIRCUIT COURT
[NO. 63CR-15-622]

HONORABLE GARY ARNOLD, JUDGE

SUBSTITUTED OPINION ON THE GRANT OF REHEARING; AFFIRMED AS MODIFIED

## BART F. VIRDEN, Judge

Appellant Jerrime Wade Mardis appeals the denial of his petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. On appeal, he argues that the trial court erred in denying his Rule 37 petition without affording him a hearing on his claim of ineffective assistance of counsel. We find no error and affirm.

In December 2015, Mardis was charged with one count of aggravated residential burglary (a Class Y felony), one count of residential burglary (a Class B felony), and one count of possession of a firearm by certain persons (a Class B felony), and he was identified as a habitual offender. On January 11, 2016, the trial court held a plea hearing at which the following exchanged occurred:

MARDIS: I was going to ask my attorney what percentage of time I would do on this thirty years, and he will not tell me. Was just wondering if I could find out what that falls under, if it's half, or a third, or what—

COUNSEL: I have told him that I don't know the answer to that.

COURT: You should understand that there's no guarantee with anything other than straight thirty years. There's no guarantee that you get any percentage of anything.

Later that day, Mardis accepted the State's plea offer, and he pled guilty to two counts of residential burglary and possession of a firearm. The trial court questioned Mardis about his understanding of the plea deal:

COURT: Did you go over this guilty plea statement?

MARDIS: Yes, sir.

COURT: By signing and dating each of the pages, you indicated to me that you understand and accept all of that information, is that correct?

MARDIS: Yes, sir.

COURT: Okay. Any questions at all before I ask you how you plea?

MARDIS: No, sir.

After the charges had been read and Mardis made his statement of guilt, the State and the trial court clarified the sentence with Mardis once again:

PROSECUTOR: . . . And on the guilty plea statement, I highlighted paragraph 17, the fact that Mr. Mardis should expect that he may have to do the whole sentence, and I wanted to make sure that was clear and we brought that up this morning.

COURT: Hopefully, I made it clear as well that there is no assurance that you get any time off of this sentence imposed.

MARDIS: I understand that.

Mardis was sentenced as a habitual offender to thirty years in the Arkansas Department of Correction (ADC) without eligibility for parole on each count of residential

burglary and to twenty years without parole for possession of a firearm by certain purposes.[1] The sentences were to run concurrently. On March 22, 2016, Mardis filed a motion to withdraw his guilty plea and a Rule 37 petition for ineffective assistance of counsel, and he requested a hearing on the matter. In his petition, Mardis raised three issues: (1) trial counsel was ineffective for stating that Mardis would be eligible for parole after serving one-third of his sentence; (2) trial counsel was ineffective for failing to adequately investigate prior to the plea hearing; and (3) he was denied due process because the trial court failed to ensure that he was intelligently and voluntarily pleading guilty.

On April 5, 2016, Mardis's trial counsel filed a motion to withdraw as counsel and responded that Mardis's allegation was false. Counsel explained that he had told Mardis that he would likely have to serve the entire thirty-year sentence.

On May 19, 2016, without conducting a hearing on the matter, the trial court denied Mardis's motion to withdraw his guilty plea and Rule 37 petition. Mardis filed a motion for reconsideration, which the trial court denied on August 25, 2016. Mardis filed a timely notice of appeal from the original denial of his Rule 37 petition, and he filed a timely amended notice of appeal referencing the denial of his motion for reconsideration. Mardis

---

[1] Arkansas Code Annotated § 5-4-501(d) sets forth:

A defendant who is convicted of a felony involving violence enumerated in subdivision (d)(2) of this section and who previously has been convicted of two (2) or more of the felonies involving violence enumerated in subdivision (d)(2) of this section may be sentenced to pay any fine authorized by law for the felony involving violence conviction and shall be sentenced to an extended term of imprisonment without eligibility for parole or community correction transfer[.]

asserts on appeal that the trial court erred in denying his petition without an evidentiary hearing. We disagree and affirm.

On appeal from a trial court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Mason v. State*, 2013 Ark. 492, at 1-2, 430 S.W.3d 759, 761. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id.*

When considering an appeal from a trial court's denial of a Rule 37 petition, the question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783. The rule for evaluating ineffective-assistance-of-counsel claims in cases involving guilty pleas appears in *Hill v. Lockhart*, 474 U.S. 52 (1985). In that case, the Supreme Court held that the "cause and prejudice" test of *Strickland* applied to challenges to guilty pleas based on ineffective assistance of counsel. The Court further held that in order to show prejudice in the context of a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. An appellant who has entered a guilty plea normally will have considerable difficulty in proving any prejudice, because the plea rests on an admission in open court that the appellant did the act charged. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam). Further, a petitioner under Rule 37.1 must allege some direct

correlation between counsel's deficient behavior and the decision to enter the plea. *Scott v. State*, 2012 Ark. 199, at 8–9, 406 S.W.3d 1, 5–6.

Additionally, when a Rule 37 petition is denied without a hearing pursuant to Rule 37.3(a), we review the trial court's written findings setting forth that the petition is wholly without merit or that it is conclusive on the face of the record that the petitioner is entitled to no relief for clear error. *See Henington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 62. Our supreme court set forth in *Mancia v. State*, 2015 Ark. 115, at 25, 459 S.W.3d 259, 275. that the trial court has the discretion to deny relief without a hearing: "The trial court need not hold an evidentiary hearing where it can be conclusively shown on the record, or the face of the petition itself, that the allegations have no merit." *See Bienemy v. State*, 2011 Ark. 320, at 5, (per curiam).

Mardis admitted at the plea hearing that his attorney had not told him how much of his sentence he would serve. Mardis's attorney explained to the court that he had told Mardis that he did not know how much of his sentence he would serve. The court also clarified for Mardis that he may serve the entire sentence. The record shows that Mardis took some time to think about the State's plea offer, and Mardis decided he would take the plea. When the plea hearing continued, the trial court and the prosecutor again clarified for Mardis that he might be required to serve the entire thirty years. Mardis agreed that he understood his sentence, and the written plea agreement shows that he placed his initials on paragraph 17 where it sets forth that "[n]either the Prosecuting Attorney, nor my attorney, nor the Court, nor anyone else, has made any representations to me about being released from confinement

5

sooner than the actual sentence that I will receive from the Court. I understand that I may have to serve the full sentence before I am released."

The petition, the files, and the record conclusively show that Mardis is not entitled to relief, and as such, the trial court did not err in refusing to hold an evidentiary hearing before denying his petition for Rule 37 relief. The court must make written findings to support its decision that the petitioner is not entitled to Rule 37 relief, specifying any parts of the files or records that are relied on to sustain the court's findings. Ark. R. Crim. P. 37.3(a). Here, the trial court did not make specific written findings regarding Mardis's postconviction claims; however, even if the court does not make specific written findings, we may affirm in the absence of an adequate order if the record before this court conclusively shows that the petition is without merit. *Carter v. State*, 342 Ark. 535, 29 S.W.3d 716 (2000). As described earlier, the record shows that Mardis's petition advances no meritorious position.

Furthermore, in his appeal Mardis does not allege that but for the error of counsel, he would have insisted on going to trial; thus, Mardis has not shown prejudice. *See Strickland*, *supra*.

We now take up the issue regarding Mardis's sentence. As we stated earlier, Mardis was sentenced as a habitual offender under Ark. Code Ann. § 5-4-401(d) to two concurrent sentences of thirty years without eligibility for parole and one sentence of twenty years also without eligibility for parole. The issue of an illegal sentence is an issue that we treat as one of subject-matter jurisdiction, which this court can raise sua sponte, even when it has not been raised on appeal. *Harness v. State*, 352 Ark. 335, 339, 101 S.W.3d 235, 238 (2003).

However, the sentence must be an illegal sentence before this rule applies. *Barber v. State*, 2016 Ark. 54, at 11, 482 S.W.3d 314, 322. A sentence is void or illegal when the circuit judge lacks the authority to impose it. *Id*. Thus, we must review the record to determine whether Mardis's sentences are illegal and subject to review and correction on appeal.

Upon review of the record, we discovered that the prosecutor, defense counsel, and the circuit court mistakenly believed that Mardis should be sentenced as a habitual offender under Ark. Code Ann. § 5-4-501(d). The habitual-offender-sentencing statute sets forth that a defendant who is convicted of a felony involving violence and who previously has been convicted of two felonies involving violence shall be sentenced to an extended term of imprisonment without eligibility for parole or community-correction transfer. *See* Ark. Code Ann. § 5-4-501(d). The criminal offenses that are considered "felonies involving violence" are listed in Ark. Code Ann. § 5-4-501(d)(2). Indeed, at the time of his trial, Mardis had been convicted of two prior felonies, but both convictions were for residential burglary, which are not listed in subsection (2) among the crimes considered felonies involving violence. Furthermore, though Mardis was originally charged in December 2015 with aggravated residential burglary, which is listed among the violent felonies in subsection (2), he ultimately pled to, and was convicted of, residential burglary, and thus Mardis could not be sentenced under subsection (d) the habitual offender statute because none of his felony convictions are considered violent felonies for purposes of the statute.

Therefore, we take it upon ourselves to correct the sentence presented in this case by eliminating the illegal portion—the impossibility of parole pursuant to the habitual-offender statute. Mardis's sentences of thirty years in the ADC and twenty years in the ADC

are within the statutory guidelines set forth in Ark. Code Ann. § 5-4-501(a)[2]—the statute

applicable here—and we affirm that portion of his sentence.

Affirmed as modified.

ABRAMSON, HARRISON, GLOVER, HIXSON, and MURPHY JJ., agree.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[2]Ark. Code Ann. § 5-4-501(a) sets forth:

(1) A defendant meeting the following criteria may be sentenced to pay any fine authorized by law for the felony conviction and to an extended term of imprisonment as set forth in subdivision (a)(2) of this section:

(A) A defendant who:

(i) Is convicted of a felony other than those enumerated in subsections (c) and (d) of this section committed after June 30, 1993; and

(ii) Has previously been convicted of more than one (1) felony but fewer than four (4) felonies or who has been found guilty of more than one (1) but fewer than four (4) felonies[.]