2012 Ark. 59

**Routy ABERNATHY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 10–941.**

Supreme Court of Arkansas.

Feb. 9, 2012.

478

John Ragan Van Winkle, Fayetteville, for appellant.

Dustin McDaniel, Atty. Gen., Brad Newman, Little Rock, for appellee.

PER CURIAM.

Appellant Routy Abernathy filed in the trial court a pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2011), in which he sought postconviction relief from his 2009 convictions on two counts of rape. Appellant lodged this appeal of an order denying the petition and raises four points of asserted error in the trial court's failing to find ineffective assistance of counsel. We find no reversible error and affirm.

The offenses at issue in appellant's trial involved two girls, ten and eleven years old, who were daughters of his wife's sister. The girls testified to incidents of digital and penile penetration and penetration with a dildo by appellant that occurred while the girls were staying at appellant's home in Greenwood. A third child, the daughter of a woman with whom appellant had had an affair while he and his family lived in Oklahoma, also testified that appellant had on one occasion inserted his finger into her anus. The previous

incident that occurred in Oklahoma was not prosecuted.

On direct appeal, appellant challenged the admission of the testimony concerning the Oklahoma incident, and the Arkansas Court of Appeals affirmed. *Abernathy v. State*, 2009 Ark. App. 702, 2009 WL 3460705. Appellant filed a timely, verified, pro se petition under Rule 37.1 that raised a number of claims of ineffective assistance of counsel. The court appointed counsel to represent appellant in the proceedings and, following a hearing on the petition, denied the relief sought in a written order that set forth findings of fact and conclusions of law.

Appellant raises four points [1] on appeal that each allege error in the trial court's failure to find ineffective assistance of counsel. Those points are based upon the following assertions of error by trial counsel: (1) failing to investigate, consult with, or call a medical expert; (2) telling the jury in his opening statement that he would not allow appellant to take the stand if he did not believe that the State had proven its case beyond a reasonable doubt; (3) failing to object to the prosecution's question to a defense witness about whether she believed the third victim from Oklahoma; (4) failing to file a motion to introduce evidence concerning a previous claim by one of the victims against her grandfather that was alleged to be false.

On the claim in the first point, the trial court found that counsel had consulted a nurse. The court further found that, in the Rule 37.1 proceeding, appellant had not presented an expert witness who would have testified, and, as a consequence, appellant had not demonstrated prejudice from a failure to call such a witness or further investigate the medical

---

1. Appellant does not challenge a number of the rulings made below. All arguments made below but not raised on appeal are abandoned. *Shipman v. State*, 2010 Ark. 499, 2010 WL 5185781 (per curiam) (citing *State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007)).

aspects of the case. On the claim in the second point, the trial court found that counsel made the comment at issue during opening statements as a tactical maneuver, that the attorneys later presented arguments as to the correct burden of proof, and that the jury was advised of the proper burden ₃of proof in instructions. On the claim in the third point, the court found that counsel had admitted error in failing to object to the prosecutor's question as alleged, but the court concluded that Rule 37.1 did not provide a means to review that error or serve to substitute for appeal. Concerning the claim in the last point, that counsel failed to make a motion to introduce evidence concerning the allegations appellant alleged were false, the trial court found that trial counsel had not made the motion after correctly concluding that the evidence would not have been admissible.

■ This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Payton v. State*, 2011 Ark. 217, 2011 WL 1805340 (per curiam); *Flowers v. State*, 2010 Ark. 364, 370 S.W.3d 228 (per curiam); *Dunlap v. State*, 2010 Ark. 111, 2010 WL 746185 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Payton*, 2011 Ark. 217, 2011 WL 1805340; *Hawthorne v. State*, 2010 Ark. 343, 2010 WL 3721972 (per curiam); *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290 (per curiam).

■ At issue are only claims of ineffective assistance of counsel. In making a determination on a claim of ineffective assistance of counsel, this court considers the totality of the evidence. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. We assess the effectiveness of counsel under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hale v. State*, 2011 Ark. 476, 2011 WL 5437541 (per curiam).

■ Under the *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" ₄guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Id.* In addition, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Id.* A defendant making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Miller v. State*, 2011 Ark. 114, 2011 WL 913206 (per curiam). In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87, 2011 WL 693579 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

■ Appellant's first point alleging error asserts ineffective assistance on the basis that counsel did not consult with or call a medical expert and failed to investigate adequately the aspects of the case concerning the lack of physical evidence. On appeal, appellant contends that there were important medical issues that "clearly called for medical expert testimony;" that counsel was ineffective if he failed to seek medical expert testimony where it was appropriate; that, where there was substantial contradiction in a given area of expertise, it may be vital for counsel to elicit expert testimony rebutting the state's expert testimony; that counsel

failed to become adequately versed in the subject matter; and that counsel did not seek expert testimony to establish that, had appellant done what the victims alleged, there would have been physical damage.

We need not determine whether the trial court may have correctly concluded that the first prong of the *Strickland* test was met by counsel's consultation with a nurse. Both prongs of the test must be satisfied, and we agree that the trial court correctly concluded that appellant failed to demonstrate prejudice as to any error in failing to investigate the medical aspects of the case or the need for expert testimony.

The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption, and such statements and allegations will not warrant granting postconviction relief. *Payton*, 2011 Ark. 217, 2011 WL 1805340. Appellant testified at the hearing on the Rule 37.1 petition that he had found information on the internet that would have contradicted testimony by the State's witness, a nurse who performed sexual assault examinations, and a defense witness, a nurse with similar training and duties, concerning the commonness of normal examinations following a sexual assault on a child. Appellant did not provide evidence at the hearing in support of that allegation, and, despite appellant's apparent position that prejudice was obvious, we cannot say that evidence to contradict the nurses was readily available or that appellant made a demonstration that it was.

If a petitioner claims ineffective assistance based on a failure to call a witness, the petitioner must name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Fer-*

*nandez v. State*, 2011 Ark. 418, 384 S.W.3d 520 (per curiam). In order to demonstrate prejudice, appellant was required to establish that there was a reasonable probability that, had counsel performed further investigation and presented a witness that would have been located as a result of that further investigation, the outcome of the trial would have been different. *Id.* Appellant provided no more than his conclusory statements in that regard, and he did not provide information concerning what specific testimony would have been elicited from an expert witness had trial counsel investigated further. He did not identify any witness who would have been available to testify at trial that physical evidence was normal under the circumstances presented, as appellant contends, nor did he submit any summary concerning the specific testimony that such a witness would have provided. Without more, appellant's allegations of prejudice did not support relief.

Appellant's second claim concerns what is characterized as a comment that prejudiced the jury by indicating that trial counsel believed that the prosecution had made its case if appellant took the stand to testify. In opening statement, trial counsel stated that he had not decided whether to "let" appellant take the stand and that he had "a duty to do my job and not allow him to take the stand if I don't believe the State has proven its case beyond a reasonable doubt at the time it rests it [sic] case." Counsel testified at the hearing on the Rule 37.1 petition that he did not accurately portray his responsibilities to the jury concerning appellant's decision to testify. His focus was deflecting any ire that might be directed toward his client's possible failure to testify onto counsel, and his comments were not intended to indicate that the State had met its burden if his client did testify. The trial court concluded that

the decision to include the remarks in trial counsel's opening statement was tactical and that any resulting harm was offset by later appropriate argument and instruction.

■ Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Sykes v. State*, 2011 Ark. 412, 2011 WL 4635021 (per curiam). Counsel's decision was tactical in [7]nature, but whether a decision to mislead the jury is supported by reasonable professional judgment is not so clear. As the trial court noted, however, the court's instructions to the jury served to clarify any confusion that may have resulted from those comments and adequately offset any prejudice that may have resulted. We cannot say that the trial court was clearly erroneous in finding that appellant failed to demonstrate prejudice from counsel's remarks, regardless of whether those remarks were an error by counsel.

■ Concerning appellant's third point on appeal and trial counsel's failure to object to opinion testimony concerning the credibility of the witness who alleged previous sexual abuse by appellant, the trial court did err to the extent that it determined that review of the issue was outside the purview of Rule 37.1 proceedings. Rule 37.1 does not permit a direct attack on a judgment or permit a petition to function as a substitute for appeal. *Mingboupha v. State*, 2011 Ark. 219, 2011 WL 1805339 (per curiam). Where the claim is based on counsel's failure to object, however, the issue is not preserved for appeal, and the claim presents the type of error that should be addressed in a Rule 37.1 proceeding. *See Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Some examination of the merits of the objection that counsel admittedly failed to raise was

required by *Strickland* in order to determine whether the error in failing to object resulted in the requisite prejudice. *See, e.g., Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189 (noting that an objection that was not necessarily without merit was to be considered on remand); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam) (noting that counsel is not ineffective for failing to make an argument that is meritless); *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290 (per curiam) (holding that the petitioner must show that there is a reasonable probability that the fact-finder's decision [8]would have been different absent counsel's error and that the petitioner was required to demonstrate that counsel could have presented a meritorious objection).

Appellant did not demonstrate that he was sufficiently prejudiced by any error to meet his burden of proof. Counsel testified that, although he should have objected to the nurse's testimony that she had believed the Oklahoma victim's allegations, the trial court instructed the jury concerning its obligation to assess the credibility of the witnesses. In addition, counsel testified that he believed that he had very effectively challenged the victim's credibility during his closing argument. The trial record supports those statements.

■ A petitioner asserting ineffective assistance of counsel has the burden of proving that the prejudice resulting from an alleged error was real and had some demonstrable detrimental effect and not some abstract or theoretical effect. *Kelley v. State*, 2011 Ark. 504, 2011 WL 5995530. In this case, considering the totality of the evidence and the particular circumstances of this case, appellant did not demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. Appellant's factual allegations concerning the opinion testi-

mony by the witness were not sufficient to show that there was a reasonable probability that the fact-finder's decision would have been different if counsel had objected. The statement was prejudicial, but the degree of prejudice was not sufficient, considering the instructions and argument in this case, to undermine confidence in the outcome of the trial.

██ Concerning appellant's final point on appeal, the trial court concluded that the evidence of the victim's claims about sexual abuse by her grandfather would not have been admissible and that counsel was, as a result, not ineffective for failing to seek a ruling on introduction of the evidence. We cannot say that the trial court's finding was clearly erroneous.

 Under our rape-shield law, evidence of a victim's prior sexual conduct is not admissible by the defendant to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose. *Bond v. State,* 374 Ark. 332, 288 S.W.3d 206 (2008). There is an exception, in that the rape-shield statute provides that evidence of a victim's prior sexual conduct is admissible at trial where the court, at an in camera hearing, makes a written determination that such evidence is relevant to a fact in issue and that its probative value outweighs its inflammatory or prejudicial nature. *See Woodall v. State,* 2011 Ark. 22, 376 S.W.3d 408.

The circumstances here are similar to those in *Bond,* in that the credibility of the victims was at issue and the defense sought to introduce evidence of a prior claim of sexual abuse to suggest that one of the victims had brought similar false charges previously.[2] Appellant asserts that the prejudice toward the victim here was slight because the evidence was not the sort to which the rape-shield statute was directed. We rejected a similar argument in *Bond,* 374 Ark. at 338, 288 S.W.3d at 211 (victim's prior sexual conduct would necessarily come to light despite allegation that the instance was only evidence of the victim's willingness to make false accusations).

As to the probative value of the evidence, despite appellant's contention that the victim in this case had made a false charge, the evidence presented at the Rule 37.1 hearing did not support such a claim. Appellant takes the apparent position that the claim was false, because no charges were brought on the victim's claim and there appeared to be no physical evidence. Appellant's reasoning is flawed because the conclusion does not necessarily flow from his premises. Appellant did not establish that the claim was false merely by establishing that there was no physical evidence or that there were no charges brought against the alleged abuser. The two premises taken together simply do not dictate the result he would reach. Because appellant did not demonstrate that he could show that the evidence had more than, at best, slight relevance, he did not demonstrate that the evidence would have been deemed admissible.

Appellant has failed to demonstrate reversible error by the trial court on any of

---

2. As *Bond* illustrates, even a charge of sexual abuse that has been recanted may not be false. Allegations that the victim does not assert to be true fall outside the parameters of the statute. Ark.Code Ann. 16–42–101 (Repl. 1999). Appellant here did not contend that the victim had recanted her allegations, but, instead, asserted that the allegations were false because the claims were not prosecuted. Counsel, however, testified in the Rule 37.1 proceedings that appellant's wife had indicated that she had also been molested as a child by the grandparent that the victim accused and that statement caused him concern about attempting to prove that the allegations were false.

the points on appeal. We accordingly affirm the denial of postconviction relief.

Affirmed.