

Cite as 2013 Ark. 305

# SUPREME COURT OF ARKANSAS

No. CR-11-481

| | | |
|---|---|---|
| | | **Opinion Delivered** September 5, 2013 |
| LLOYAL WILLIE BRYANT | APPELLANT | PRO SE APPEAL FROM THE BOONE COUNTY CIRCUIT COURT, 05CR-07-120, HON. GORDON WEBB, JUDGE |
| v. | | |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED. |

## PER CURIAM

Appellant Lloyal Willie Bryant was convicted in the Boone County Circuit Court on two counts of rape and two counts of second-degree sexual assault, and he received an aggregate sentence of life plus forty years' imprisonment on the charges. This court affirmed the judgment. *Bryant v. State*, 2010 Ark. 7, 377 S.W.3d 152. Appellant filed in the trial court a timely pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2012). The court appointed counsel, held a hearing on the petition, and entered an order denying the petition. Appellant, now pro se, appeals. We find no error and affirm.

Under our standard of review, this court does not reverse an order that denies postconviction relief unless the trial court's findings are clearly erroneous. *Thompson v. State*, 2013 Ark. 179 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Appellant groups his arguments on appeal into two points. In both points, appellant alleges that counsel was ineffective. The benchmark question to be resolved in judging a claim

SLIP OPINION

of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam). We assess the effectiveness of counsel under a two-prong standard as set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Lowe v. State*, 2012 Ark. 185, ___ S.W.3d ___ (per curiam). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id.* A claimant must satisfy both prongs of the test, and it is not necessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *See Pennington v. State*, 2013 Ark. 39 (per curiam).

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability

SLIP OPINION

sufficient to undermine confidence in the outcome of the trial. *Id.*

In his first point, appellant asserts that counsel was ineffective in his representation, causing a conflict. Appellant does not develop that argument further, but he also raises claims in this first point that trial counsel failed to conduct an adequate investigation, consult with his client, or interview the prosecution's witnesses. Appellant argues that any strategy counsel adopted was not reasonable, that counsel did not obtain a witness's recorded statement, and that counsel did not effectively cross-examine the witnesses at trial. Appellant asserts that he demonstrated prejudice, and he contends that, in determining prejudice, the court must consider the cumulative effect of counsel's errors.

In his second point on appeal, appellant asserts that counsel failed to adequately attack inconsistencies in the victim's testimony. In this point, appellant alleges that there was insufficient corroboration of intent and that counsel should have challenged inconsistencies in the time and place the incidents occurred.

The State in its response correctly notes that not all of appellant's arguments on appeal were raised below or addressed by the trial court. An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal. *Hogan v. State*, 2013 Ark. 223 (per curiam). In an appeal of the denial of a Rule 37.1 petition, failure to obtain a ruling on an issue, including a constitutional issue, precludes review on appeal. *Norris*, 2013 Ark. 205, ___ S.W.3d ___. We accordingly limit our review of appellant's arguments to those issues for which the trial court provided a ruling.

In the order denying postconviction relief, the trial court provided rulings on three issues

that relate to appellant's arguments in his first point. The first of these issues was appellant's claim in the Rule 37.1 petition that counsel did not adequately cross-examine witnesses or remove the "taint" of the State's questioning. The trial court interpreted this as a broad claim that counsel had not vigorously cross-examined any of the witnesses, and it found that counsel made appropriate motions and objections to challenge the introduction of the evidence, that counsel did cross-examine most witnesses, and that counsel chose not to cross-examine the remaining witnesses as a matter of trial strategy.[1]

The second issue was that counsel failed to impeach and adequately cross-examine two witnesses who testified concerning appellant's prior second-degree sexual-assault conviction in Montgomery County on a guilty plea. On this issue, the trial court found that counsel had made a tactical decision not to cross-examine these witnesses because he did not wish to emphasize the testimony and believed that there were grave risks involved in additional questioning. The trial court ruled that counsel's decision was a reasonable strategic choice.

The last issue addressed by the trial court was whether counsel was ineffective for failing to perform sufficient investigation to obtain a statement by the victim in the prior Montgomery County case. The trial court found that counsel did perform a substantial amount of discovery on the matter and that appellant had not established the existence of the statement that appellant alleged had been made by the victim. The court further found that appellant was not prejudiced

---

[1]Appellant argues in his brief that the claim was intended to include an allegation that counsel failed to object to the State's having influenced the victim's testimony by its method of questioning the victim, which was repetitive. The court's findings indicated that appellant's intent as to this issue was unclear, and the order did not provide a ruling on any allegations beyond a general claim that counsel failed to vigorously cross-examine the witnesses.

because counsel's decision not to cross-examine the victim in the Montgomery County case was a reasonable strategic decision.

Although appellant included in his first point on appeal some references to counsel's failure to interview other witnesses, appellant's allegations of error that are relevant to the three rulings all concern only two witnesses, the victim and the mother of the victim from the Montgomery County case. Appellant's arguments for reversal concerning these three rulings are that counsel did not make strategic decisions not to cross-examine the two witnesses or to limit pretrial investigation of the Montgomery County case, that counsel's decision not to cross-examine the witnesses was not reasonable, and that prejudice resulted from counsel's failure to cross-examine the witnesses. He also asserts that the court should have considered the cumulative effect of all errors in determining prejudice. The concept of cumulative error, however, is not recognized in Rule 37.1 proceedings when assessing whether a petitioner was afforded effective assistance of counsel. *Nickelson v. State*, 2013 Ark. 252 (per curiam).

The trial court found that counsel had made a strategic decision not to cross-examine the two witnesses. Where a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then counsel's decision is not a basis for relief under Rule 37.1. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___ (citing *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam)). Counsel is allowed great leeway in making strategic and tactical decisions. *Leak v. State*, 2011 Ark. 353 (per curiam). On review, if we determine that the trial court correctly found that the decision not to cross-examine the two witnesses was a strategic decision supported by reasonable professional judgment, there is no

need to examine whether appellant was prejudiced. The trial court's finding that a reasonable strategic decision had been made is in essence a finding that appellant did not demonstrate deficient conduct in the failure to cross-examine the witnesses so as to satisfy the first prong of the *Strickland* standard.

Counsel testified at the Rule 37.1 hearing that he wanted to minimize the impact of the negative testimony concerning the Montgomery County victim's case. He indicated that he did not cross-examine the witnesses because any questions would have emphasized the testimony and had more detrimental impact than beneficial. We cannot say that the trial court was clearly erroneous in ruling that counsel made a reasonable, professional strategic decision, based on the information that counsel had at the time, not to cross-examine the two witnesses.

Counsel testified that he had reviewed the prosecution's files on the case. During the Rule 37.1 hearing, the State introduced documents from those files that included reports with statements from the seven-year-old child's parents. Those statements described statements made by the child about the incidents in which the victim had said that appellant "stuck his finger up his butt." Counsel testified that he did not recall his client pointing out any inconsistencies in the victim's testimony at trial and that his recollection was that the testimony at trial was consistent with what had been contained in the information, statements, and other documents in the file. Counsel testified at the Rule 37.1 hearing that, if he had been aware of inconsistencies, he would have cross-examined the witness only if he believed that questioning the witness would have been helpful, and he indicated that some discrepancies would not merit reinforcing the testimony through questions.

SLIP OPINION

Appellant alleges that the Montgomery County victim did not testify consistently with his previous statements, in that the victim testified that appellant had used his penis instead of his finger. Counsel testified at the Rule 37.1 hearing that he believed the jury would view the difference between the victim testifying that appellant had inserted his penis instead of his finger as "a distinction without a difference" and that, because the difference in appellant's use of his penis or his finger would have had no legal significance in determining the applicable charge, such an inconsistency would not merit highlighting the testimony with cross-examination.

The evidence at the Rule 37.1 hearing was that counsel had made a carefully considered decision not to cross-examine the witnesses. In Arkansas, matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for finding ineffective assistance of counsel. *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam); *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783; *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Appellant had the burden of overcoming the presumption that counsel was effective by identifying specific acts or omissions, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. Viewing the decision from counsel's perspective at the time of trial, with the information that counsel had, we cannot say that the trial court clearly erred in finding that counsel's decision not to cross-examine the witnesses was based on reasonable professional judgment.

Appellant, however, also alleged that counsel failed to adequately investigate the Montgomery County conviction. Appellant contends that, if counsel had done so, he would

7

SLIP OPINION

have obtained a statement by the victim in the prior Montgomery County case and that counsel could not have, with the information in that statement, made a reasonable decision at trial not to cross-examine the witnesses.

In his brief, appellant contends that counsel had no calculated strategy for gathering additional information about the guilty plea outside of the State's file and that counsel overlooked the possibility of obtaining more specific information. Counsel, however, stated in his Rule 37.1 hearing testimony that he had specifically considered whether to try to obtain more detailed information concerning the evidence in the Montgomery County case but decided not to pursue it. Counsel indicated that he had concluded that more specific information about the victim's statements would not be helpful in opposing the admission of the evidence and that he had decided to use a different legal tactic in his motions to exclude the evidence. Counsel testified at the Rule 37.1 hearing that his research had convinced him that discrepancies that might have been revealed by a statement, if one had existed, would not have kept the evidence out. It was apparent from counsel's testimony that he had chosen to focus his efforts on preventing the admission of the evidence rather than on challenging the evidence that might have been admitted concerning appellant's guilty plea in Montgomery County.

Moreover, even if the decision to not further investigate the incidents in Montgomery County had been unreasonable, appellant clearly did not demonstrate prejudice on this claim of ineffective assistance because he did not demonstrate that further investigation would have resulted in the discovery of evidence that would have allowed his attorney to better cross-examine the Montgomery County victim. During the Rule 37.1 hearing, appellant did not

introduce a copy of any statement by the Montgomery County victim. Appellant did not establish that any statement had been recorded for counsel to have discovered. The discrepancies that appellant alleged could have been discovered were of limited value in cross-examining a child witness.

Appellant alleged in the Rule 37.1 hearing that the inconsistencies were those previously discussed, that is, that the victim testified that appellant had used his penis instead of his finger during the incidents, and that the incident described at trial by the Montgomery County victim was rape, not the sexual-assault charge to which appellant entered his plea. As noted above, the description of the statements that had been made by the victim in the Montgomery County case, which were included in the file and reviewed by counsel, were consistent with the victim's statement at trial, with the exception that the child testified that appellant had used his penis. Appellant did not allege facts to support his contention that the statement, if it existed, contained any information that counsel did not already have.

Counsel has a duty to make a reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary; but, where a petitioner under Rule 37.1 alleges ineffective assistance for failure to perform adequate investigation, he must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the trial outcome. *See Hickey*, 2013 Ark. 237, ___ S.W.3d ___; *see also State v. Harrison*, 2012 Ark. 198, ___ S.W.3d ___. The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations

SLIP OPINION

without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). A petitioner under Rule 37.1 who asserts ineffective assistance for failure to investigate must show that further investigation would have been fruitful, and that the specific materials identified that counsel could have uncovered would have been sufficiently significant to raise a reasonable probability of a different outcome at trial. *See Watson v. State*, 2012 Ark. 27 (per curiam). Appellant did not make such a demonstration.

In appellant's second and final point on appeal, he alleges error in the trial court's finding that counsel was not ineffective for failing to vigorously examine or adequately challenge inconsistencies in the Boone County victim's testimony.[2] Appellant alleges that the victim made inconsistent statements concerning where the incidents occurred and who was in the home at the time. The trial court addressed this issue in its order, finding that the alleged inconsistencies were brought out in cross-examination of the victim by counsel and that the manner of questioning of the victim on cross-examination was a strategic decision not to appear abusive or offend the jury. The trial court additionally found that the specific inconsistencies could easily have been reconciled by the jury.

Appellant points to statements that the victim made on direct and cross-examination that he contends could be interpreted as inconsistent, in that there are references to rooms and people that appellant asserts indicate different descriptions by the child as to where the incidents

---

[2]As with appellant's first point, he raised additional arguments on appeal that were not addressed in the postconviction order and that we do not address.

occurred and who was at home at the time. We agree with the trial court's determination that some of these statements, taken in context, were not inconsistent and that the remaining statements could easily be interpreted by the jury to be reconciled.

How aggressively to cross-examine a six-year-old child such as the victim here, much like a decision whether to call a particular witness, is a decision that is largely a matter of professional judgment in which trial counsel must use his or her best judgment to determine what questioning will be beneficial to the client, and the decision must be assessed by taking into account that the decision is a matter that experienced advocates could endlessly debate. *See Small v. State*, 371 Ark. 244, 264 S.W.3d 512 (2007) (per curiam). As a matter of strategy, counsel's decision not to vigorously cross-examine the victim would be beyond the purview of a Rule 37.1 proceeding. *See Nickelson*, 2013 Ark. 252.

As in the previous point, in order to overcome the presumption that counsel's decision was based on reasonable professional judgment and satisfy the second prong of the *Strickland* test, appellant must have identified specific inconsistencies that were sufficient to alter the outcome of the trial. *See Small*, 371 Ark. 244, 264 S.W.3d 512. We cannot say that the trial court clearly erred in finding that the discrepancies in the testimony that appellant identified were not sufficient to alter the outcome of the trial, or that counsel was not ineffective for failing to vigorously cross-examine the victim on those inconsistencies. Appellant has not therefore demonstrated error in the trial court's denial of postconviction relief, and we affirm on this point as well.

Affirmed.

*Lloyal Willie Bryant*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.