

# SUPREME COURT OF ARKANSAS

No. CR-12-920

| | |
|---|---|
| BRIAN N. NELSON | **Opinion Delivered** January 23, 2014 |
| APPELLANT | PRO SE MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF [GRANT COUNTY CIRCUIT COURT, 27CR-09-6] |
| v. | |
| STATE OF ARKANSAS | HONORABLE PHILLIP H. SHIRRON, JUDGE |
| APPELLEE | |
| | <u>APPEAL DISMISSED; MOTION MOOT</u>. |

## PER CURIAM

Appellant Brian N. Nelson was found guilty by a jury of four counts of sexual assault of a fourteen-year-old boy and sentenced to an aggregate term of 672 months' imprisonment. We affirmed. *Nelson v. State*, 2011 Ark. 429, 384 S.W.3d 534.

Subsequently, appellant timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The trial court denied the petition. No appeal was taken, and this court granted leave to proceed with a belated appeal of the order because appellant had not been informed that the petition had been denied as required by Rule 37.3(d).

Now before us is appellant's pro se motion for extension of time to file the appellant's brief-in-chief. Upon review of the record, we find that appellant could not prevail on appeal if the appeal were permitted to go forward. For that reason, the appeal is dismissed, and the motion is moot. *Green v. State*, 2013 Ark. 455 (per curiam). An appeal from an order that denied

SLIP OPINION

a petition for postconviction relief will not be permitted to proceed where it is clear that the appellant could not succeed. *Walton v. State*, 2013 Ark. 254 (per curiam); *Davis v. State*, 2013 Ark. 189 (per curiam); *Holliday v. State*, 2013 Ark. 47 (per curiam); *Purifoy v. State*, 2013 Ark. 26 (per curiam); *Watkins v. State*, 2010 Ark. 156, 362 S.W.3d 910 (per curiam).

The grounds advanced by appellant in the Rule 37.1 petition pertained to appellant's dissatisfaction with the trial judge, trial error, and claims of ineffective assistance of counsel. An examination of the Rule 37.1 petition and the order reveals no error in the trial court's decision to deny the petition.

This court does not reverse a denial of postconviction relief unless the trial court's findings are clearly erroneous. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *White v. State*, 2013 Ark. 171, ___ S.W.3d ___; *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

Appellant first alleged in his Rule 37.1 petition that the trial judge was biased and that he was not afforded effective assistance of counsel at trial because counsel did not file a motion asking the trial judge to recuse. Appellant argued that recusal was necessary because the judge lived in the same neighborhood as the victim and the victim's grandparents and was acquainted with them, lived next door to appellant, and attended the same church as the victim's family. He asserted further that the trial judge's bias was revealed when the judge related to the voir dire panel information, allegations, and accusations that were not consistent with the facts of the

2

SLIP OPINION

case. He further argued that the judge "presented the State's case" in a light more favorable to the State by stating that appellant had invited the victim to spend the night at appellant's house; thus, planting the idea in the minds of the potential jurors that appellant had been in the position of "caretaker" to the victim. In his final complaint concerning the judge's conduct, appellant alleged that the judge inadvertently said that appellant had been charged with two counts of rape, and, even though the judge corrected the misstatement, the defense was prejudiced.

The allegations of judicial bias, in themselves, were not cognizable in a proceeding under Rule 37.1. *Green*, 2013 Ark. 455; *Daniels v. State*, 2013 Ark. 208 (per curiam); *see also Watson v. State*, 2012 Ark. 27 (per curiam) (Assertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal.); *Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam) (Allegations of trial error that could have been raised at trial or on appeal may not be raised in Rule 37.1 proceedings.). There is an exception, however, to the general rule that the Rule does not provide a remedy when an issue could have been raised at trial or argued on appeal for errors that are so fundamental as to render the judgment of conviction void or subject to collateral attack. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. The allegations concerning the judge's conduct did not rise to a showing of fundamental error sufficient to void the judgment in appellant's case.

The issue of whether appellant was denied effective assistance of counsel by counsel's failure to file a motion asking for the trial judge to recuse was an issue cognizable under the Rule. In an appeal from a trial court's denial of postconviction relief on a claim of ineffective assistance of counsel, the sole question presented is whether, based on the totality of the

evidence, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Ewells v. State*, 2010 Ark. 407 (per curiam). Under the two-prong *Strickland* test, a petitioner raising a claim of ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Adams*, 2013 Ark. 174, ___ S.W.3d ___. There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam).

With respect to the second prong of *Strickland*, the claimant must demonstrate that counsel's deficient performance prejudiced his defense to such an extent that the petitioner was deprived of a fair trial. *Thompson v. State*, 2013 Ark. 179 (per curiam). Such a showing requires that the petitioner demonstrate a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Ewells*, 2010 Ark. 407. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

While appellant raised a number of examples of what he considered proof of the trial judge's bias against him, he failed to provide factual support for the claim that any particular behavior on the judge's part prejudiced the defense. It is well settled that the concept of

SLIP OPINION

cumulative error is not recognized in Rule 37.1 proceedings when assessing whether a petitioner was afforded effective assistance of counsel. *Bryant v. State*, 2013 Ark. 305, ___ S.W.3d ___ (per curiam); *Nickelson v. State*, 2013 Ark. 252 (per curiam). Without a showing that there was at least one meritorious claim of judicial bias on which a motion for recusal could have been based, appellant failed to establish that his attorney was ineffective. *See Weatherford v. State*, 363 Ark. 579, 215 S.W.3d 642 (2005) (per curiam).

Appellant next contended that his attorney was ineffective because counsel failed to obtain a copy of appellant's custodial statement prior to a hearing on the admissibility of the statement. Counsel for appellant argued at trial and on direct appeal that the trial court erred in admitting the statement into evidence on the ground that appellant did not make a knowing, voluntary, and intelligent waiver of his rights against self-incrimination under *Miranda v. Arizona*, 384 U.S. 435 (1966). This court did not address the issue on appeal due to the lack of citation to authority and convincing argument. The transcript of the hearing reflects that counsel said that she had not heard the recording of the statement. The trial court declined to allow the tape to be played at the hearing, took testimony on whether appellant was advised of his *Miranda* rights, and ruled that the statement could be admitted into evidence. The recorded statement was played for the jury at trial.

Appellant's conclusory claims of prejudice did not demonstrate within the scope of an analysis of counsel's conduct under *Strickland* that there was any basis for a further objection to the admissibility of the statement or that the defense was prejudiced by counsel's conduct. To prevail under *Strickland*, appellant was required to establish that counsel made some error so

SLIP OPINION

serious with respect to the introduction of the tape into evidence that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *See Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). He did not make that showing.

Appellant's essentially conclusory allegations concerning the custodial statement also did not meet his burden under the *Strickland* standard. An entirely conclusory claim is not a ground for postconviction relief. *Munnerlyn v. State*, 2013 Ark. 339 (per curiam); *Glaze v. State*, 2013 Ark. 141 (per curiam). The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Thacker v. State*, 2012 Ark. 205 (per curiam); *Jones v. State*, 2011 Ark. 523 (per curiam); *Payton v. State*, 2011 Ark. 217 (per curiam). A petitioner seeking postconviction relief on a claim of ineffective assistance that is based on the failure of counsel to make a motion or objection must show that counsel could have made a successful argument in order to demonstrate the prejudice required under the *Strickland* test. *Hogan v. State*, 2013 Ark. 223 (per curiam) (citing *Lowe v. State*, 2012 Ark. 185, ___ S.W.3d ___ (per curiam)). Failure to make a meritless objection or motion does not constitute ineffective assistance of counsel. *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004).

In a related allegation, appellant asserted that counsel was remiss in not procuring the presence of Agent Shepard of the Arkansas State Police at the hearing on the motion to suppress the custodial statement and at trial. According to the trial record, Shepard was present when appellant gave his custodial statement. The hearing record indicates that Shepard was present at the hearing but that he did not offer any testimony. He was also not called as a witness at trial. Appellant states that, contrary to the testimony of Robert Byrd, an investigator with the

SLIP OPINION

sheriff's office, Shepard could have testified that appellant was not advised of his *Miranda* rights and was under the influence of drugs and alcohol when he gave the custodial statement.

The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call a certain witness is to determine whether the failure resulted in actual prejudice that denied the petitioner a fair trial. *Moten v. State*, 2013 Ark. 503 (per curiam); *Greer v. State*, 2012 Ark. 158 (per curiam) (citing *Woody v. State*, 2009 Ark. 413 (per curiam)). The decision to call or not to call a particular witness is largely a matter of professional judgment. *Adams v. State*, 2013 Ark. 174, ___ S.W.3d ___. The fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Id.* (citing *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000)). In order to demonstrate prejudice, appellant must establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Greer*, 2012 Ark. 158.

Here, the prosecution introduced the recorded custodial statement made by appellant and introduced evidence from Lieutenant Byrd that appellant was advised of his rights and that appellant did not appear impaired. Appellant's bare statements concerning what Shepard would have testified does not constitute a showing that Agent Shepard's testimony concerning the statement would have been any different from that of Byrd. Appellant did not offer facts from which it could be said that counsel's decision not to call Shepard was anything more than trial strategy.

Appellant's final claim of ineffective assistance of counsel was that counsel had a conflict

of interest in that counsel advised appellant and his mother that counsel was herself the mother of a fourteen-year-old son, suggesting that she was seeing her own child as the victim. Appellant asserted that counsel's being a mother to a child of the victim's age affected her performance adversely, but he referred to no specific conduct of counsel's that was affected by the alleged conflict.

Appellant's conclusion that counsel had a conflict of interest because she had a son the victim's age did not, in itself, constitute a showing of prejudice to the defense. Prejudice arising from a conflict of interest is presumed only when counsel actively represents conflicting interests, and an actual conflict adversely affects counsel's performance. *Bond v. State*, 2013 Ark. 298, ___ S.W.3d ___ (per curiam); *Norris v. State*, 2013 Ark. 205, ___ S.W.3d ___ (per curiam). An allegation consisting of the mere belief that a division of loyalties existed is not sufficient. *Bond*, 2013 Ark. 298, ___ S.W.3d ___. It was appellant's burden to show that an actual conflict was created by counsel's having a child the same age as the victim. As appellant failed to identify any particular conduct on the part of counsel that arose from the alleged conflict, he failed to show that he was denied effective assistance of counsel.

Appellant ended the Rule 37.1 petition with the argument that the trial court erred in its instruction to the jury concerning parole eligibility. The argument was not within the purview of a Rule 37.1 proceeding. Allegations of trial error are properly made in the trial court at trial. *Walton*, 2013 Ark. 254. Claims of trial error, even those of constitutional dimension, must be raised at trial and on appeal. *Lee v. State*, 2010 Ark. 261 (per curiam); *see also Taylor v. State*, 297 Ark. 627, 764 S.W.2d 447 (1989) (per curiam). Our postconviction rule does not permit a direct

SLIP OPINION

attack on a judgment or permit a petition to function as a substitute for raising an issue at trial or on appeal. *Hill v. State*, 2010 Ark. 102 (per curiam) (citing *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992) (per curiam)). The sole exception lies in claims raised in a timely petition that are sufficient to void the judgment and render it a nullity. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918. Appellant did not establish with facts and legal authority that any claim of trial error raised in the petition was sufficient to void the judgment in his case.

Appeal dismissed; motion moot.

*Brian N. Nelson*, pro se appellant.

No response.