JOSEPHINE LINKER HART, Justice, concurring. The majority properly reverses and remands with directions to dismiss the charges of possession of a controlled substance and possession of drug paraphernalia. Because the majority dismisses these charges, it did not need to also address as to these charges the merits of Vernell R. Conley’s argument that his counsel was ineffective for not presenting a witness when, during opening argument, trial counsel stated that “you’re also gonna listen to a witness of ours come up and testify as to why the marijuana was not Mr. Conley’s and the drug paraphernalia.” If it were necessary to address the issue as it relates to the possession charges, I would conclude that trial counsel was ineffective. Trial counsel’s failure to produce evidence that counsel promised to produce during opening argument to the jury is a damaging failure | ^sufficient to support a claim of ineffectiveness of counsel. McAleese v. Mazurkiewicz, 1 F.3d 159; 166 (3d Cir.1993) (citing Harris v. Reed, 894 F.2d 871, 879 (7th Cir.1990), where trial counsel failed to call witnesses who he claimed in opening argument would support the defense’s version of a shooting, and Anderson v. Butler, 858 F.2d 16, 17-19 (1st Cir.1988), where trial counsel failed to present promised expert-medical testimony that defendant had acted without cognizance of, or feeling for, his actions in a stabbing). When trial counsel promises the jury that it will hear a different version of the events from what counsel ultimately presents, one may infer that reasonable jurors would think that the witness to which counsel referred in opening argument was unwilling or unable to deliver the promised testimony. McAleese, 1 F.3d at 166-67. Trial counsel’s remark referred to the possession charges. Trial counsel testified that he did not present the testimony of Conley’s wife because it would have been perjured testimony, as Conley had admitted his guilt to him early in his representation of Conley. Conley testified that counsel had advised against his wife taking the stand because she would have been charged. Trial counsel confirmed that he had been so advised by the prosecutor. Trial counsel had determined prior to trial that he would not offer the testimony. Thus, he should not have promised it to the jury, as the jury was left to conclude that, in this constructive-possession case, no witness could explain why the contraband was not possessed by Conley and was instead possessed by someone else. The prejudice is apparent and cannot be ignored; the jury convicted Conley of the possession charges despite this court’s holding today that the evidence was insufficient to support the possession convictions. Because we |15have instructed the circuit court to dismiss these convictions, however, there is no need to address the merits of this issue. Furthermore, after dismissing the possession charges, we need not address the merits of this argument as it relates to the delivery charge. Conley concludes, as an afterthought and without explanation,' that the “magnitude of the error ... also likely spilled over as evidence on the delivery count,” and that the “credibility damage impacted the verdict on the delivery charge as well.” The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. See, e.g., Abernathy v. State, 2012 Ark. 59, at 5, 386 S.W.3d 477, 482 (per curiam). Thus, Conley’s conclusory allegations do not merit relief. Nevertheless, after dismissing the possession charges, if we were still required to address the merits of this argument as to the delivery charge, Conley could not demonstrate prejudice. The testimony on the delivery charge was distinct from the testimony on the possession charges, and trial counsel’s remark did not speak to the evidence presented on the delivery charge but rather referred only to the efforts to rebut the possession charges.