

SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-14-546

| | |
|---|---|
| MICHAEL SHANE WINTERS<br>APPELLANT | Opinion Delivered September 25, 2014 |
| V. | PRO SE MOTION FOR EXTENSION<br>OF BRIEF TIME<br>[BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR-10-399] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBIN F. GREEN,<br>JUDGE |
| | APPEAL DISMISSED; MOTION<br>MOOT. |

## PER CURIAM

In 2011, appellant, Michael Shane Winters was convicted in a bifurcated trial of two counts of capital murder and two counts of aggravated robbery for which he was sentenced to two sentences of life imprisonment without parole for the capital murders and two sentences of life imprisonment for the aggravated robberies. The sentences were ordered to be served consecutively. We affirmed. *Winters v. State*, 2013 Ark. 193, 427 S.W.3d 597.[1]

Subsequently, appellant timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2011). The trial

---

[1]On direct appeal, appellant contended that the trial court erred in denying his motion to suppress certain custodial statements he made to police. The grounds for reversal advanced were that he was of borderline intellectual functioning, and because his statements were coerced by promises to him, by expressions of concern for his family, and by urging him of the need to give the victims a proper burial. Appellant also argued on appeal that the trial court abused its discretion in excluding the proffered testimony of potential defense witness Arron Lewis, who said appellant's accomplice had confessed to committing the murders while appellant waited nearby.

SLIP OPINION

court denied the petition, and appellant lodged an appeal from that order in this court. He now seeks by pro se motion an extension of time to file his brief-in-chief. As it is clear from the record that appellant could not prevail if the appeal were permitted to go forward, the appeal is dismissed, and the motion is moot. *See Williams v. State*, 2014 Ark. 70 (per curiam).

Appellant was found guilty of the aggravated robberies and capital murders of Christina Bishop and Louise Bishop. The Bishops were the forty-year-old mother and eighty-one-year-old grandmother of appellant's accomplice, Nicholas Johansen. The Bishops were reported missing in June 2009. In 2010, a woman came forward and informed the authorities that appellant had confessed to her that he and Johansen had committed the murders during a planned robbery. During questioning by the police, appellant admitted his involvement in the crimes and revealed the location of the bodies, which were found in a makeshift grave on property owned by the Johansen family. The cause of death of both victims was strangulation.

In his petition for Rule 37.1 relief, appellant alleged that he was not afforded effective assistance of counsel at trial. This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of

the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt

respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant argued in his Rule 37.1 petition that counsel were remiss in the following ways: counsel failed to challenge the sufficiency of the evidence and to present "available evidence" and a viable defense; counsel failed to preserve meritorious claims for appeal and to raise meritorious claims on appeal; the original strategy of "general denial" was destroyed by counsel's failure to "challenge the murder's (sic) on the morning of trial;" counsel did not demonstrate that petitioner's pretrial statements were unreliable because of his mental condition and because the statements were inconsistent with the forensic evidence; counsel failed to challenge the pretrial statements based on "any *Miranda* violation" and did not attack the validity of the trial court's ruling on the statements; counsel's argument to the trial court that his pretrial statements were coerced should have established that the "initial coercion" occurred during the second interrogation; counsel's plan to use the pretrial statements as leverage to eliminate or weaken the State's case failed because the plan was not thoroughly thought out, and, thus, served to strengthen and corroborate the State's case, including the evidence supporting the "element of

solicitation for murder;" counsel moved to suppress the pretrial statements but failed to show that his will was "overborne" and that there were "any false promises of leniency or reward" by the police in exchange for the statements; counsel was poorly prepared and did not understand the implications of appellant's pretrial statements; counsel did not argue on appeal that the "exclusion of Nicholas [Johansen] was exculpatory evidence as to the charges," inasmuch as Johansen had given a statement that he committed both murders; counsel failed to argue on appeal that the trial court focused on the credibility of Arron Lewis[2] rather than the trustworthiness of Johansen's statement; counsel did not propose or "except to" jury instructions in the guilt phase and did not object to the State's offered instructions in the guilt or penalty phase; counsel did not offer a jury instruction on the lesser-included-offense of manslaughter; counsel said in the closing argument for the defense that "murder amounted to no less than first-degree murder" and did not clarify the comment, leaving the jury to believe the prosecutor's closing argument; counsel did not argue on appeal that Johansen's statements presented a due-process claim.

The claims of ineffective assistance of counsel did not merit granting relief under the *Strickland* standard because, as the trial court held, the allegations were not supported with facts that established that the defense suffered actual prejudice arising from counsel's conduct.

To warrant postconviction relief on the ground that counsel was ineffective for failure

---

[2]The testimony of Arron Lewis was proffered at appellant's trial. Lewis said that he met Nicolas Johansen while both were cellmates incarcerated at the county jail, that Johansen had confessed that he, not appellant, had committed the murders while appellant waited in the Bishops' driveway, and that appellant had helped him to dispose of the bodies only after Johansen threatened to pay appellant's former girlfriend a visit.

SLIP OPINION

to perform adequate investigation, a petitioner must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the trial outcome. *Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193 (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *Green v. State*, 2014 Ark. 284 (per curiam); *Dixon v. State*, 2014 Ark. 97 (per curiam) (citing *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477).

With respect to appellant's claim that his attorney failed to argue the sufficiency of the evidence, counsel made a motion for directed verdict, arguing that the State had failed to meet its burden on any of the charges. Such a motion is a challenge to the sufficiency of the evidence. *See Jeffries v. State*, 2014 Ark. 239, 434 S.W.3d 889. Moreover, even if the motion had not been made, appellant failed in his Rule 37.1 petition to establish that there was some specific ground on which counsel could have successfully argued that the evidence was insufficient to sustain the judgment. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence. *Conley*, 2014 Ark. 172, 433 S.W.3d 234 (citing *Wells v. State*, 2013 Ark. 389, 430 S.W.3d 65. Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Stevenson v. State*, 2013 Ark. 100, 426 S.W.3d 416. Counsel's motion for directed verdict was not successful, and appellant did not show that counsel could have argued some further ground that would have

been enough to demonstrate that the charges were not supported by substantial evidence that was sufficiently forceful to compel a conclusion beyond suspicion or conjecture that he was not guilty. *See Mason v. State*, 2013 Ark. 492, 430 S.W.3d 759. It should also be noted that appellant's claims concerning counsel's failure to challenge the sufficiency of the evidence were essentially a direct attack on the sufficiency of the evidence. It is well settled that a direct attack on a judgment, even if framed as an allegation of ineffective assistance of counsel is not cognizable in a Rule 37.1 proceeding. *Davis v. State*, 2013 Ark. 118 (per curiam).

Likewise, appellant's argument that counsel did not present a viable defense did not give cause to grant Rule 37.1 relief because it was not supported by facts to show what would have constituted a viable defense. Also, appellant's assertions that counsel was poorly prepared did not justify relief in that appellant failed to state what further preparation would have uncovered that would have been beneficial to the defense. As stated, postconviction relief will not be granted on the ground that counsel was ineffective for failure to perform adequate investigation when a petitioner fails to delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the trial outcome. *Green*, 2014 Ark. 284; *Bryant*, 2013 Ark. 305, 429 S.W.3d 193. It was appellant's responsibility to provide facts that affirmatively supported his claims of prejudice, and he did not do so. Accordingly, he did not overcome the presumption that counsel was effective. *See Dixon*, 2014 Ark. 97 (citing *Abernathy*, 2012 Ark. 59, 386 S.W.3d 477).

Appellant's claims that his attorney failed to raise certain arguments on appeal were also

devoid of factual substantiation; accordingly, it cannot be determined that the arguments would have been found meritorious had they been argued on appeal. A showing of merit to the arguments is necessary for a finding of ineffective assistance of counsel. *State v. Rainer*, 2014 Ark. 306, ___ S.W.3d ___ (citing *Moore v. State*, 2011 Ark. 269 (per curiam)). Counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *Rainer*, 2014 Ark. 306, ___ S.W.3d ___ (citing *Walton v. State*, 2013 Ark. 254). It is petitioner's responsibility in a Rule 37.1 petition to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. *Rainer*, 2014 Ark. 306, ___ S.W.3d ___. Appellant did not meet that burden.

When appellant asserted in his petition that the original strategy of "general denial" was destroyed by counsels' failure to "challenge the murder's [sic] on the morning of trial," he failed to offer any explanation as to how counsel was remiss. The allegation, therefore, was not supported by facts on which relief could have been granted.

As to appellant's allegation that counsel failed to establish that his pretrial statements were unreliable because of his mental condition, counsel presented expert testimony at appellant's trial that he is of borderline intellectual functioning and argued that evidence was obtained by coercive tactics that exploited his disability. Counsel argued on direct appeal that the trial court erred in denying his motion to suppress four custodial statements. We found no

error. While appellant contended in his petition for postconviction relief that counsel was remiss in not raising "any *Miranda* violation" with respect to the statements, he did not state the grounds on which a violation under *Miranda v. Arizona*, 384 U. S. 435 (1966), could have been alleged. He merely repeated the information on which counsel based the request to suppress the pretrial statements; that is, he failed to say what more counsel could have done to render the pretrial statements open to attack under *Miranda*.

Appellant also argued in the petition that counsel should have attacked the validity of the trial court's rulings on the admissibility of his pretrial statements, established that the "initial coercion" by the police occurred during the second interrogation, demonstrated that the statements did not match the forensic evidence, and used the pretrial statements to weaken the State's case. As with the other allegations concerning the pretrial statements, appellant did not provide support for the claims to show that there was a specific basis to attack the statements that was not utilized by counsel. When a petitioner under Rule 37.1 cannot show that there was a specific, meritorious argument to be made and that failing to raise that specific argument would not have been a decision supported by reasonable professional judgment, the petitioner has not established that counsel erred. *Montgomery v. State*, 2014 Ark. 122.

As to appellant's assertions that counsel did not propose or object to jury instructions in the guilt phase, did not object to the State's offered instructions in the guilt or penalty phase, and did not offer an instruction on the lesser-included offense of manslaughter, the record lodged on direct appeal reflects that counsel did engage actively in the process of selecting appropriate jury instructions and that counsel made a request for an instruction on manslaughter as a lesser-

9

included offense, which was denied by the court. Moreover, even if the record did not largely refute appellant's allegations, he did not allege that a particular instruction should have been given or that a particular instruction should have been objected to by the defense. Again, conclusory allegations are insufficient to overcome the presumption that counsel is effective under *Strickland.* *Green*, 2014 Ark. 284; *Mathis v. State*, 2014 Ark. 148 (per curiam).

Appellant also alleged in his petition that counsel should have clarified a comment made in the closing argument for the defense that "murder amounted to no less than first-degree murder," leaving the jury to believe what the prosecution said in its closing. As with the other claims of ineffective assistance of counsel, appellant did not expand on the allegation to explain what clarification was needed. Further, considering the totality of the evidence against appellant and the clear efforts of counsel in the closing argument for the defense to convince the jury that appellant was not guilty of capital murder, which is punishable by death, appellant did not show that there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt and the outcome of the proceeding would have been different.

Further, appellant urged the trial court in his petition to consider his allegations of ineffective assistance of counsel collectively, as well as individually, in assessing whether the judgment in his case should be vacated. The court was not required to do so as it is well settled that the concept of cumulative error is not recognized in Rule 37.1 proceedings when assessing whether a petitioner was afforded effective assistance of counsel. *Nelson v. State*, 2014 Ark. 28 (per curiam); *Bryant*, 2013 Ark. 305, 429 S.W.3d 193; *Nickelson v. State*, 2013 Ark. 252 (per

curiam). Without a showing that there was at least one meritorious claim of ineffective assistance of counsel, appellant failed to establish that his attorney was ineffective. *See Nelson*, 2014 Ark. 28.

Finally, at one point in his Rule 37.1 petition, appellant argued that this court had erred in its decision on direct appeal in the application of a particular precedent to his case. Claims of error-of-law on the part of an appellate court are properly addressed to the appellate court in a petition for rehearing and do not form a basis for a collateral attack on a judgment-and-commitment order. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

Appeal dismissed; motion moot.

*Michael Shane Winters*, pro se appellant.

No response.