

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-17-237

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 4, 2017 |
| THOMAS WELVAERT | | |
| | APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15JV-16-47] |
| V. | | |
| | | HONORABLE TERRY SULLIVAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | |
| | APPELLEES | AFFIRMED; MOTION TO STRIKE DENIED |

## LARRY D. VAUGHT, Judge

Appellant, Thomas Welvaert, appeals the Conway County Circuit Court's termination of his parental rights to his daughter, A.W. We find no merit in his arguments and affirm.

On May 15, 2016, A.W. and her sibling were removed from their mother's care. Ultimately, the mother executed consent to the termination of her parental rights to both children, and the other child's father executed consent to the termination of parental rights to that child. This case deals solely with Welvaert's parental rights to A.W.

Welvaert was incarcerated in Texas throughout the case. On August 2, 2016, DHS filed a petition to terminate parental rights alleging that Welvaert had been sentenced in a criminal proceeding to a period of time which would constitute a substantial period of the child's life. Ark. Code Ann. § 9-27-341(b)(3)(B)(viii)*(a)* (Repl. 2015). At the hearing, Welvaert was not present but was represented by counsel. His attorney stated that, although they had communicated by mail, he had not been able to talk to Welvaert via telephone until the

previous evening. However, when the court asked if there was "any reason we can't go ahead with this hearing," Welvaert's counsel said, "No."

In the earlier adjudication order, the court found that both juveniles had been subjected to neglect and aggravated circumstances, in part due to the court's finding that Welvaert was incarcerated and would not be released until 2030. The evidence at the termination hearing revealed that he was serving a twenty-five- or thirty-year sentence for child sexual abuse and that the earliest Welvaert could potentially be released would be 2021.

An Arkansas Department of Human Services (DHS) caseworker testified that A.W. was in therapeutic foster care but was adoptable. Thomas Gamble testified that he is Welvaert's stepbrother and that he was interested in adopting A.W. However, he had not completed a required home study, had a criminal history, and admitted that he did not have a bond with the child. He also testified that his father and his stepmother (Welvaert's mother) had previously had their rights terminated to other children and had been convicted of child endangerment. Gamble stated that Welvaert should never be around minors and would not have any access to A.W. should she be placed in Gamble's custody.

The court terminated Welvaert's parental rights to A.W. based on the findings that he had been sentenced to a period of incarceration that constituted a substantial portion of the child's life and that termination was in the child's best interest. On appeal, Welvaert does not challenge those findings but argues that his due-process rights were violated because he was not able to meaningfully participate in the termination hearing.

Before addressing the merits of Welvaert's appeal, we must address an alleged deficiency in his notice of appeal. In A.W.'s brief, counsel notes that "the notice of appeal has

only one signature," in violation of Arkansas Supreme Court Rule 6-9(b)(1)(B). In his reply, Welvaert notes that the signature on the notice of appeal is his, although it is located on the line designated for his counsel's signature. His attorney failed to sign the notice of appeal. Welvaert's counsel confessed error in a motion for rule on clerk, which the Arkansas Supreme Court granted. Therefore, the case is properly before us.

Termination-of-parental-rights cases are reviewed de novo. *Hune v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 543. Grounds for termination of parental rights must be proved by clear and convincing evidence, which is that degree of proof that will produce in the finder of fact a firm conviction of the allegation sought to be established. *Hughes v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 526. The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 248, 947 S.W.2d 761, 763 (1997). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*, 947 S.W.2d at 763. In resolving the clearly erroneous question, we give due regard to the opportunity of the trial court to judge the credibility of witnesses. *Camarillo-Cox v. Ark. Dep't of Human Servs.*, 360 Ark. 340, 352, 201 S.W.3d 391, 399 (2005). Termination of parental rights is an extreme remedy and in derogation of a parent's natural rights; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 331, 255 S.W.3d 505, 507 (2007).

Welvaert acknowledges that inmates do not have a right to attend civil hearings. *Vogel v. Ark. Dep't of Human Servs.,* 2015 Ark. App. 671, at 9–10, 476 S.W.3d 825, 830–31. Citing *Vogel*, he notes that a parent's absence from a termination hearing comports with due process only if he or she is represented by counsel who makes evidentiary objections, cross-examines witnesses, presents testimony from the parent that could influence the outcome of the proceedings, and makes arguments on the parent's behalf. *Vogel*, 2015 Ark. App. 671, at 10–11, 476 S.W.3d at 830–31; *see also Santosky v. Kramer*, 455 U.S. 745, 752–54 (1982) (recognizing that parents whose rights the government seeks to terminate must be given due process under the Fourteenth Amendment). Welvaert argues that his attorney failed to make evidentiary objections or otherwise adequately represent him at the hearing, which resulted in a due-process violation under *Vogel* when combined with his absence from the proceedings.

Because Welvaert never raised this issue below, he acknowledges that it is barred from appellate review unless we conclude that it falls within one of the "extremely rare" exceptions to the contemporaneous-objection rule outlined in *Wicks v. State*, 270 Ark. 781, 785, 606 S.W.2d 366, 369 (1980); specifically, that Welvaert's counsel's deficiencies constituted "[a]n error that's so flagrant and egregious that the trial court should've, on its own motion, taken steps to remedy it." *Baker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 400, at 6 (citing the third exception described in *Wicks*, 270 Ark. at 785, 606 S.W.2d at 369).

The facts of the current case do not rise to the level of the third *Wicks* exception. Although Welvaert's counsel mentioned that he had not been able to speak on the phone to Welvaert until the evening before the trial, counsel stated that they had communicated by mail and that he was ready to proceed. He cross-examined the DHS witness and called Gamble to

SLIP OPINION

the stand as a potential alternative placement for A.W. Counsel did not make any evidentiary objections, but a review of the record does not reveal that any objections would have been warranted. We refuse to fault trial counsel for failing to make frivolous or unnecessary objections. Similarly, counsel did not give a "closing argument," but neither did DHS. The attorney ad litem, in response to a question by the court, gave a very short statement that the children needed permanency, but other than that, there were no closing arguments from any party.

In sum, given the facts of this case, Welvaert's counsel presented the best defense that was available. It was undisputed that Welvaert was serving a significant sentence for child sexual abuse and would not be in a position to take A.W. for many more years, if ever. Moreover, A.W. is adoptable, and returning her to Welvaert would clearly expose her to a risk of harm. Under these circumstances, arguing for relative placement of A.W. with Gamble rather than termination was a reasonable legal strategy. We see no basis for holding that the counsel's actions were so egregious that the trial court should have, on its own motion, taken steps to remedy the situation. As such, the third *Wicks* exception does not apply, and Welvaert's due-process claims regarding his attorney's effectiveness in his absence were not preserved for appeal.

Alternatively, as in *Vogel*, Welvaert's ineffective-assistance-of-counsel arguments fail for another reason: he has not demonstrated a reasonable probability that the court's decision to terminate his parental rights would have been different absent his counsel's alleged errors. *Vogel*, 2015 Ark. App. 671, at 11, 476 S.W.3d at 831 (citing *Abernathy v. State*, 2012 Ark. 59, at 4, 386 S.W.3d 477, 481). Despite Welvaert's allegations that he was denied a meaningful

opportunity to participate, it is apparent that his counsel presented Welvaert's case as well as it possibly could have been handled, and given the facts, there was no prejudice from Welvaert's absence.[1]

Affirmed; motion to strike denied.

ABRAMSON and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by:  *Keith L. Chrestman*, attorney ad litem for minor child.

---

[1]In his reply brief, Welvaert includes a letter from the DHS Office of Chief Counsel, which appears to be answering several questions and concerns raised by Welvaert, including his desire to appear at an upcoming hearing via telephone conference, to which DHS stated that the courtroom did not have phone-conferencing capabilities and that Welvaert would be best served by appearing through his attorney. This letter is not in the appellate record. In the reply brief, Welvaert acknowledges that fact and notes that, simultaneously with filing the reply brief he also filed a petition for writ of certiorari to complete the record. The Arkansas Supreme Court denied that petition. Appellees filed a joint motion to strike the reply, arguing that the reply contains new arguments and new evidence. We deny the motion to strike, but we have not considered the letter in our analysis of the case.