Cite as 2025 Ark. App. 466

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-24-715

| | |
|---|---|
| THOMAS WILCOXON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 1, 2025<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT<br>[NO. 02CR-20-63]<br><br>HONORABLE CREWS PURYEAR, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

On March 6, 2020, appellant Thomas Wilcoxon was charged by felony information with one count of internet stalking of a child in violation of Arkansas Code Annotated section 5-27-306.[1] On May 17, 2021, the State amended the information to charge Wilcoxon as a habitual offender[2] with one count of attempted internet stalking of a child[3] and one count of pandering.[4] The charges arose from communications between Wilcoxon and a fictitious Facebook account belonging to "Julie

---

[1](Supp. 2019).

[2]In 2005, Wilcoxon pleaded guilty to the charges of rape and introduction of a controlled substance into the body of another person.

[3]Ark. Code Ann. § 5-3-201(a)(2) (Repl. 2013).

[4]Ark. Code Ann. § 5-27-304(a)(2) (Repl. 2013).

Williams." The account was established to aid with investigations into both narcotics trafficking and sex trafficking involving minors, and it was monitored by the Ashley County Sheriff's Department.

Following an Ashley County Circuit Court jury trial, Wilcoxon was convicted of internet stalking of a child and pandering. An aggregate sentence of thirty-five years' incarceration was imposed. We affirmed his convictions on direct appeal.[5] Wilcoxon then filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. Without holding an evidentiary hearing, the circuit court denied his petition seeking Rule 37.1 relief. Wilcoxon filed an untimely notice of appeal; however, this court granted his pro se motion for belated appeal. Because Wilcoxon has failed to demonstrate that he is entitled to postconviction relief, we affirm.

On appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous.[6] A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed.[7]

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[8] Pursuant to *Strickland*, we assess the effectiveness of

---

[5] *See Wilcoxon v. State*, 2022 Ark. App. 458, 655 S.W.3d 686.

[6] *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001).

[7] *Id.*

[8] *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

2

counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution.[9] A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness.[10] A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[11]

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial.[12] The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors.[13] A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.[14] Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a

---

[9]*Williams v. State*, 369 Ark. 104, 108, 251 S.W.3d 290, 293 (2007).

[10]*Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam).

[11]*Id.*

[12]*Id.*

[13]*Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

[14]*Id.*

breakdown in the adversarial process that renders the result unreliable.[15]  Additionally, conclusory

statements that counsel was ineffective cannot be the basis for postconviction relief.[16]

On appeal, Wilcoxon argues that the circuit court clearly erred in holding that he failed to

demonstrate sufficient facts to establish that counsel's performance fell below an objective standard

of reasonableness.[17]  In arguing ineffective assistance of counsel, Wilcoxon argues that his trial counsel

was ineffective for (1) failing to preserve an argument of insufficient evidence to show a sexual

purpose for attempted internet stalking; and (2) failing to preserve an argument of insufficient

evidence to show knowledge of age for attempted internet stalking.

Arkansas Code Annotated section 5-27-306(a)(1) provides that a person who is twenty-one

years of age or older commits the offense of internet stalking of a child if the person knowingly uses

a computer online service, internet service, or local internet bulletin board service to seduce, solicit,

lure, or entice a child fifteen years of age or younger in an effort to arrange a meeting with the child

for the purpose of engaging in sexual intercourse, sexually explicit conduct, or deviate sexual activity.

If the person tries to arrange a meeting with an individual fifteen years of age or younger, it is a class

B felony, even if the meeting did not take place.[18]

Wilcoxon was convicted of attempted internet stalking of a child.  Arkansas Code Annotated

section 5-3-201(a) provides that a person attempts to commit an offense if he or she purposely

[15]*Id.*

[16]*Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783.

[17]*Abernathy*, 2012 Ark. 59, 386 S.W.3d 477.

[18]Ark. Code Ann. § 5-27-306(b)(1) (Supp. 2021).

engages in conduct that would constitute an offense if the attendant circumstances were as the person believes them to be, or constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as the person believes them to be.

For his first point, Wilcoxon claims that, despite his request, trial counsel, in his directed-verdict motion, failed to challenge the sufficiency of the evidence to show a sexual purpose for attempted internet stalking. He asserts that the "argument was significant to his defense" and that, absent the error, the fact-finder would have had a reasonable doubt respecting guilt. When a petitioner asserts that counsel is ineffective for the failure to make a motion or an argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel.[19]

In support of his assertion, Wilcoxon relies on the dissenting opinions from his direct appeal. His argument is meritless for multiple reasons. First, dissenting opinions hold no precedential value.[20] Second, neither dissent focuses on the sexual-purpose element of the offense. Judge Murphy's dissent expressed thoughts regarding renunciation. Judge Vaught's dissent addressed the evidence of whether Wilcoxon took substantial steps toward arranging a meeting with Julie. Third, in his brief, other than pointing to the existence of the dissents, Wilcoxon does not specify how the

---

[19]*Duck v. State*, 2020 Ark. App. 161, 596 S.W.3d 571.

[20]*See Jackson v. Smith Blair, Inc.*, 2010 Ark. App. 691, 379 S.W.3d 555.

argument would have changed the outcome of the trial. Conclusory statements that counsel was ineffective cannot be the basis for postconviction relief.[21]

Moreover, the evidence produced at trial established that Wilcoxon used the internet in an effort to arrange a meeting for the purpose of engaging in sexual conduct. He sent text messages such as, "Then answer this question, are you wanting to have sex with me? Yes or No . . .Well?"; "So do you want to f*** me?"; and "I keep protection." Furthermore, evidence revealed that Wilcoxon also requested "full frontal nude" pictures. The text messages all serve to establish the sexual-purpose element of the offense.

Next, Wilcoxon argues that, during the directed-verdict motion, trial counsel was ineffective for failure to challenge the sufficiency of the evidence to show knowledge of age for attempted internet stalking of a child. In support, he argues that there were nine photographs from Julie's Facebook account that demonstrate that Wilcoxon believed he was communicating with a twenty-four-year-old woman, yet those photographs were not introduced into evidence. The record establishes that Wilcoxon's counsel attempted to introduce the photographs multiple times at trial including in a motion in limine—as relevant to an entrapment defense—and again on cross-examination of a witness. To the extent that Wilcoxon's argument is a challenge to the circuit court's evidentiary ruling that the photographs were inadmissible, that is not an ineffective-assistance-of-counsel claim and is not cognizable in a Rule 37 petition.

Wilcoxon also argues that counsel failed "to get the CD disk open or investigate his cell phone information or data on the cell phone effected [sic] [his] defense to show that he seen [sic] the profile

---

[21]*Anderson*, 2011 Ark. 488, 385 S.W.3d 783.

Facebook first before communicating with the Julie's Facebook.  The date that [he] click [sic] on that page account could have showed that [he] did believe Julie was 24 years old."

At trial, the defense admitted Julie Williams's Facebook profile photo that showed a birthdate of July 30, 1996, which would have made Julie twenty-four years old when communication with Wilcoxon began. Plainly, trial counsel did present evidence attempting to challenge the knowledge-of-age element of the offense.  However, evidence was also presented that Wilcoxon was informed that he was communicating with a fourteen-year-old ninth-grade student.  The jury was free to believe that Wilcoxon knew that he was sending sexual messages and requesting nude photographs from a child.

We hold that the circuit court did not clearly err in denying Wilcoxon's Rule 37.1 petition for postconviction relief.

Affirmed.

GLADWIN and BARRETT, JJ., agree.

*Thomas DeWayne Wilcoxon*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.